954 P.2d 580

FIDELITY SECURITY LIFE INSUR-
ANCE COMPANY, Plaintiff/Ap-
pellant/Petitioner,

v.

STATE of Arizona, DEPARTMENT OF
INSURANCE, and Susan Gallinger, Di-
rector of Insurance of the State of Ari-
zona, in her official capacity, Defen-
dants/Appellees/Respondent.

Darlene TODD, et al.,
Plaintiffs/Appellants/Petitioners,

v.

STATE of Arizona, et al., Defendants/Ap-
pellees/Respondents.

Donald W. NOREN,
Plaintiff/Appellant/Petitioner,

v.

STATE of Arizona, et al., Defendants/Ap-
pellees/Respondents.

No. CV–96–0581–PR.

Supreme Court of Arizona,
En Banc.

Feb. 19, 1998.

Frederick C. Berry, Jr., P.C. by Frederick C. Berry, Jr., Phoenix, for Darlene Todd.

Shughart Thomson & Kilroy, P.C. by John S. Conner, Richard M. Paul III, Kansas City, MO, and Ulrich, Kessler & Anger, P.C. by Paul G. Ulrich, Donn G. Kessler, Phoenix, for Fidelity Security Life Insurance Company.

George T. Drost & Associates by Thomas W. Kivlahan, Arlington Heights, IL, and Richard L. Strohm ,Phoenix, for Donald W. Noren.

Grant Woods, Attorney General by Raymond P. Lee, Thomas J. Dennis, Assistant Attorneys General, Phoenix, for State of Arizona, Department of Insurance, and Susan Gallinger.

## OPINION

JONES, Vice Chief Justice.

¶1 We granted review in a consolidated appeal from the dismissal of three separate complaints filed in Maricopa County Superior Court. Petitioners ask us to determine whether the three trial courts properly granted motions to dismiss pursuant to Rule 12(b)(6), Arizona Rules of Civil Procedure. The court of appeals, in a split opinion, found the trial courts' dismissals proper. After consideration, we hold that the trial courts erred in their analyses and decisions. We

also hold that the court of appeals majority erred in affirming the dismissals. We have jurisdiction under Arizona Constitution article VI, section 5(3), Arizona Rule of Civil Appellate Procedure 23, and Arizona Revised Statutes section 12–120.24.

### Facts and Procedural History

¶2 The Arizona Department of Insurance (the Department) regulates insurance companies doing business in the state. In 1988, the Department granted an application by AMS Life Insurance Company (AMS) to transfer domicile from Illinois to Arizona. Thereafter, until 1992, when AMS went into receivership, the Department approved annual requests by AMS for renewal of its certificate of authority. The receivership precipitated the plaintiffs' actions, alleging gross negligence by the State of Arizona, the Department, and the Department's Director (defendants) in failing to provide adequate regulation of AMS and claiming damage as the result of the Department's actions. The plaintiffs consist of an insurance company with business ties to AMS, an individual owner of five AMS annuity contracts, and a number of insurance brokers and their clients. The plaintiffs' specific factual assertions were (a) that the defendants approved AMS' transfer of domicile to Arizona knowing that AMS did not meet Arizona's fiscal requirements for certification, and (b) that the defendants, knowing of AMS' insolvency, violated a statutory mandate by failing to provide adequate supervision of AMS and by failing to deny AMS' annual requests for renewal of its certificate of authority.

¶3 In each of the three cases, the superior court granted the defendants' motions to dismiss the complaint, finding that because the defendants were conducting discretionary regulatory activities concerning the licensing of AMS to do business in Arizona, they were entitled to absolute immunity under A.R.S. § 12–820.01. The court of appeals consolidated the three appeals and, in its divided opinion, Judge Fidel dissenting, affirmed the judgments of the three trial courts.

### Analysis

¶4 In reviewing a trial court's decision to dismiss a complaint for failure to state a claim, we assume as true the facts alleged in the complaint and will not affirm the dismissal unless satisfied as a matter of law that plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof. *Menendez v. Paddock Pool Constr. Co.*, 172 Ariz. 258, 261, 836 P.2d 968, 971 (App.1991). The court of appeals affirmed each dismissal of the complaints on the ground that the defendants' actions approving the AMS redomestication to Arizona and granting AMS' annual requests for renewal constituted discretionary actions in the determination of fundamental governmental policy. According to the court of appeals, governmental actions by the Department in granting or renewing a certificate of authority necessarily entitled defendants to absolute immunity under section 12–820.01.

¶5 Petitioners, on the other hand, have asserted that the statute was erroneously applied to their claims and that the Department's decisions to grant or renew the AMS certificate were not governmental policy decisions, were not fundamental, and did not involve the use or exercise of discretion. We agree with the petitioners.

¶6 A.R.S. § 12–820.01 provides:

**Absolute Immunity**

A. A public entity shall not be liable for acts and omissions of its employees constituting:

    1. The exercise of a judicial or legislative function; or

    2. The exercise of an administrative function involving the determination of fundamental governmental policy.

B. The determination of a fundamental governmental policy involves the exercise of discretion and shall include, but is not limited to:

. . . .

    3. The licensing and regulation of any profession or occupation.

¶7 Stating the purpose and intent of section 12–820.01, the legislature declared as "the public policy of this state that public entities are liable for acts and omissions of employees in accordance with the statutes

and [the] common law. . . ." Laws 1984, Ch. 285, § 1A. Moreover, *all* of the provisions of the Act, including section 12–820.01, "should be construed with a view to carry out the [foregoing] legislative purpose." *Id.* Accordingly, we have emphasized that liability of public servants is the rule in Arizona and immunity is the exception. *See City of Tucson v. Fahringer,* 164 Ariz. 599, 600, 795 P.2d 819, 820 (1990) (quoting *Ryan v. State,* 134 Ariz. 308, 656 P.2d 597 (1982)); *Stone v. Arizona Highway Comm'n,* 93 Ariz. 384, 392, 381 P.2d 107, 112 (1963). Since immunity is the exception and not the rule, we have concluded, consistent with the intention of the legislature, that judicial construction of immunity provisions in statutes applicable to government entities should be restrained and narrow. *Schabel v. Deer Valley Unified Sch. Dist. No. 97,* 186 Ariz. 161, 920 P.2d 41 (1996).

¶ 8 We observe further that in drafting section 12–820.01, the legislature distinguished the exercise of judicial or legislative functions from the exercise of administrative functions. Explaining the distinction between judicial and administrative functions, this court, in *Grimm v. Arizona Board of Pardons & Paroles,* 115 Ariz. 260, 265, 564 P.2d 1227, 1232 (1977), stated that "policy reasons for official [administrative] immunity are much weaker than for judicial immunity." Moreover, legislative immunity is supported by similar public policy equally as compelling as that supporting judicial immunity. *See also Chamberlain v. Mathis,* 151 Ariz. 551, 554–60, 729 P.2d 905, 908–14 (1986) (discussing immunity generally and comparing absolute and qualified immunity).

■■■ ¶ 9 Thus, under section 12–820.01, public entities are protected by absolute immunity when the process involves legislative or judicial decision making within the respective powers granted to the legislature and the judiciary, but entities are entitled to immunity for administrative action only to the extent such action involves the determination of fundamental governmental policy. It is clear that the decisions by the Department of Insurance, alleged in the complaints before us, must be viewed exclusively as administrative decisions. This means that in order to gain protection under the absolute immunity statute, the burden rests with the defendants to plead and prove that the decisions regarding AMS fall within the narrow category of fundamental governmental policy making. By granting Rule 12(b)(6) motions to dismiss in the face of the allegations in these complaints, the trial courts acted prematurely.

■■■ ¶ 10 Section 12–820.01 makes it clear that whenever a decision involving fundamental governmental policy is made, discretion will invariably be an essential attribute of the decision making process. It is also true that many administrative actions in government do not involve determinations of fundamental policy and do not implicate the use of discretion. Even where discretion is exercised, administrative decisions within government do not necessarily involve determinations of fundamental governmental policy. To be absolutely immune, therefore, fundamental governmental policy is the element which, first and foremost, must be present in the decision making process. Once that element is found to exist, the exercise of discretion, under the statute, may be presumed. The term "discretion" is used in the statute only to define an essential characteristic of determinations involving fundamental governmental policy.

¶ 11 Thus, in appropriate cases, the legislature has granted absolute immunity in the field of administration for the reason that immunity protection of government officers is warranted when fundamental governmental policy making is at stake, but not otherwise. Examples of policy decisions entitled to immunity may include such matters as whether government or its agencies should pursue one general course of action over another, whether an agency of government should construct a particular building or where the building should be located, or a decision as to the direction and focus of an entire regulatory scheme. The legislature has also determined, by express statutory direction, that certain specified functions *shall* be accorded absolute immunity. These include decisions on whether to provide resources for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel, the provision of govern-

mental services, and the licensing and regulation of professions and occupations. *See* A.R.S. § 12–820.01(B).

■ ¶ 12 We conclude, based on our analysis of the facts alleged in the complaints in the instant cases, that while the actions of the Department were clearly administrative, they did not involve determinations of fundamental governmental policy as required by the immunity statute. The Department's decisions as to AMS can be characterized as involving the implementation of an established regulatory scheme largely controlled by statute. The actions did not constitute fundamental policy making, but rather were operational decisions pursuant to existing regulations.

■ ¶ 13 The Department argued, and the court of appeals held, that the decision to grant or renew a certificate of authority to an insurance company seeking to carry out or continue doing business in Arizona constitutes the licensing or regulation of a "profession" or "occupation" under section 12–820.01(B). We think that argument constitutes an attenuated reading of the terms "profession" and "occupation." An insurance company such as AMS is a commercial business enterprise within an industry subject to intense regulation. We can identify no legislative policy suggesting that an insurance underwriting enterprise should be treated as a "profession" or "occupation" under section 12–801.01(B). Indeed, the Arizona Professions and Occupations Code, A.R.S. §§ 32–101, *et seq.*, which lists some thirty-seven recognized professions and occupations for purposes of regulation, makes no mention of the insurance industry.

¶ 14 We conclude on this record that the trial court erred in granting defendants' motions to dismiss and find the court of appeals' dissent by Judge Fidel persuasive. The court of appeals' majority correctly stated that to enjoy absolute immunity, administrative decisions must constitute determinations involving fundamental governmental policy. The majority went astray, however, when it determined that the Department's decisions in the instant case entailed both fundamental policy and the exercise of discretion. On the face of the pleadings, neither was present.

Judge Fidel correctly points out under A.R.S. § 20–219 that the Department has been statutorily mandated not to renew the certificate of authority of an insolvent insurer. Specifically, section 20–219 requires that the director of the Department of Insurance "**shall refuse** to renew or **shall revoke** or suspend an insurer's certificate of authority ... [i]f **the insurer no longer meets the requirements for the authority originally granted, on account of deficiency in assets or otherwise.**" (Emphasis added). This language leaves no room for discretion. A decision to grant or renew an insurer's certificate involves the application of preordained rules and regulations defining the matter of insurer solvency. Those who promulgated the rules and regulations defining the elements of financial solvency for insurance carriers probably determined fundamental governmental policy and exercised discretion in so doing, but, except perhaps in the most extraordinary circumstances, those who apply the rules and regulations day to day do not.

¶ 15 AMS was not only alleged to be insolvent, but the complaints also alleged that the Department knew of the insolvency. If the plaintiffs adduce satisfactory proof of these allegations, then clearly, the absolute immunity statute would not protect the defendants because the mandate of section 20–219, noted above, would control.

■ ¶ 16 On the facts before us, therefore, a defendant who moves to dismiss a complaint under Rule 12(b)(6) necessarily files a flawed motion. This is because when we presume the truth of the plaintiffs' allegations, which we must do at this stage of the proceeding, the Department's decisions regarding AMS must necessarily be treated as non-policy making, non-discretionary functions that are carried out pursuant to statutory mandate. When insolvency is known to exist, the words "shall refuse" and "shall revoke" in section 20–219 would eliminate discretion on the part of the Director of Insurance to approve the AMS applications. Indeed, if the company fails to meet solvency requirements, the Director must reject its application.

¶ 17  In conclusion, we observe that A.R.S. § 12–820.02 recognizes a lesser degree of immunity for public entities and their employees under certain circumstances. That section provides in relevant part:

**Qualified Immunity**

A.  Unless a public employee acting within the scope of his employment intended to cause injury or was grossly negligent, neither a public entity nor a public employee is liable for:

. . . .

    5.  The issuance of or failure to revoke or suspend any permit, license, certificate, approval, order or similar authorization for which absolute immunity is not provided pursuant to § 12–820.01.

¶ 18  Because the complaints here were dismissed on the pleadings under the doctrine of absolute immunity, we do not reach the question of qualified immunity. Our decision encompasses only the question whether the trial courts properly granted the motions to dismiss on grounds of absolute immunity.  In the present case, if the evidence adduced at trial does not support the defense of absolute immunity, the defense of qualified immunity may nevertheless be invoked and would apply on this record unless the plaintiffs can prove that the Department's decisions to redomesticate and recertify AMS were either grossly negligent or made with intent to injure.  As to the elements of gross negligence and intent to injure, the burden of proof, of course, remains with the plaintiffs.

¶ 19  Finally, petitioners argue that the interpretation of section 12–820.01 by the court of appeals majority conflicts with *Evenstad v. State*, 178 Ariz. 578, 875 P.2d 811 (App.1993), thus rendering the statute violative of the anti-abrogation provision of the Arizona Constitution.  Ariz. Const. art. 18, § 6. In view of today's decision vacating the court of appeals' majority opinion, this issue has been rendered moot and need not be addressed.

### Disposition

¶ 20  We find that it was error for the trial courts to dismiss the complaints because the Department's decision to grant or renew a certificate of authority in favor of an insurance company does not, on the facts alleged, involve a determination of fundamental governmental policy.  Moreover, section 20–219 precludes discretionary action in Department decisions of this nature. We therefore vacate the court of appeals' opinion, reverse the dismissals of the three complaints, and remand the cases to the respective trial courts for further proceedings consistent with this opinion.

ZLAKET, C.J., and MARTONE, FELDMAN and JAMES MOELLER (Retired), JJ., concur.