McGREGOR, Chief Justice,
concurring.
¶ 28 I concur in the outcome reached by the Court today, but write separately because I think the Court has applied an unnecessarily complex analysis to resolve this case.
¶ 29 The legislature is constitutionally empowered to “direct by law the manner in which suits may be brought against the state.” Clouse ex rel. Clouse v. State, 199 Ariz. 196, 203 ¶ 24, 16 P.3d 757, 764 (2001); see also Ariz. Const, art. 4, pt. 2, § 18 (“The Legislature shall direct by law in what manner and in what courts suits may be brought against the State.”). In promulgating A.R.S. § 12-820.01, the legislature exercised its authority and specifically declared that certain spheres of governmental conduct shall be absolutely immune from liability. The legislature declared that “[a] public entity shall not be liable for acts and omissions of its employees constituting ... [t]he exercise of an administrative function involving the determination of fundamental governmental policy.” A.R.S. § 12-820.01.A (emphasis added). The legislature then identified certain determinations that, as a matter of law, constitute “fundamental governmental policy.” Section 12-820.01.B provides, in part:
The determination of a fundamental governmental policy involves the exercise of discretion and shall include, but is not limited to:
1. A determination of whether to seek or whether to provide the resources necessary for any of the following:
(a) The purchase of equipment.
(b) The construction or maintenance of facilities.
*298 2. A determination of whether and how to spend existing resources, including those allocated for equipment, facilities and personnel.
(Emphasis added.)
¶ 30 The majority seems to agree that the City’s signalization decision falls within the statutory language quoted above. See Op. ¶¶ 5-6, 15 (noting that the decision involves the exercise of discretion and whether to seek or provide resources for traffic signals). Applying the plain language of A.R.S. § 12-820.01, then, the City engaged in a determination of “fundamental governmental policy” when it decided where to install traffic signals and concluded that it would not spend its resources to place a signal at the Intersection.
¶ 31 That conclusion should end our analysis. The City’s signalization decision falls within an enumerated example of fundamental governmental policy as defined by statute, and the City therefore benefits from the absolute immunity granted by the legislature.
¶ 32 The situation here differs from those in cases that required additional analysis by the courts. In Doe ex rel. Doe v. State, 200 Ariz. 174, 24 P.3d 1269 (2001), for instance, two separate sections of the immunity statute addressed licensing decisions involving teachers. We concluded, after examining the statutory language and legislative history, that the legislature intended to grant absolute immunity for licensing decisions that fell within A.R.S. § 12-820.01, but only qualified immunity to those implementing decisions that fell within section 12-820.02. Id. at 176-78 ¶¶ 7-11, 24 P.3d at 1271-73. In decisions such as Fidelity Security Life Insurance Co. v. Department of Insurance, 191 Ariz. 222, 954 P.2d 580 (1998), and Myers v. City of Tempe, 212 Ariz. 128, 128 P.3d 751 (2006), we considered the effect of allegations that government employees had failed to apply policies adopted under the grant of immunity of section 12-820.01. See, e.g., Myers, 212 Ariz. at 130-31 ¶¶ 10, 14, 128 P.3d at 753-54 (noting that the dispatcher followed a policy the city adopted in an intergovernmental agreement, the latter being,a decision that both parties conceded was absolutely immune); Fidelity, 191 Ariz. at 224 ¶ 5, 226 ¶ 12, 954 P.2d at 582, 584 (explaining that the decision at issue “did not involve the use or exercise of discretion” and merely implemented “an established regulatory scheme largely controlled by statute”). This case presents no comparable allegation.
¶ 33 I would conclude, as I think the majority does, that this case involves a discretionary governmental decision and falls within a statutorily enumerated category constituting the determination of fundamental governmental policy. That conclusion, in my view, is determinative of the City’s right to immunity.
MICHAEL D. RYAN, Justice, concurs.