NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DANA BERES, *Petitioner/Appellant*,

*v.*

GARY BERES, *Respondent/Appellee*.

No. 1 CA-CV 13-0675
FILED 09-23-2014

Appeal from the Superior Court in Maricopa County
No.  FC2003-070681
The Honorable Michael W. Kemp, Judge

**VACATED AND REMANDED**

COUNSEL

Davis Limited, Scottsdale
By Greg R. Davis
*Counsel for Petitioner/Appellant*

Gary Beres, Florence
*Respondent/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

**O R O Z C O**, Judge:

¶1        Dana Beres (Mother) appeals the dismissal of her petition to modify child support.  For the following reasons, we vacate the dismissal of her petition and remand the case to the family court for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Gary Beres (Father) were divorced in 2004, and Father agreed to pay child support for their one child.  Father was incarcerated in 2009,[1] and his child support obligation was terminated as part of a 2010 custody, parenting time, and support modification.  Mother filed another child support modification petition in 2013, alleging that Father had received a $250,000 "inheritance" in a trust (the Trust) from a deceased family member and asking the family court to modify Father's child support obligation.  Father moved to dismiss Mother's petition under Arizona Rule of Family Law Procedure (Rule) 32.B.6., arguing that any claim brought by Mother against his interest in the Trust was void because the Trust contained a spendthrift provision.  The family court granted Father's motion without further comment.  Mother timely appealed,  and we have jurisdiction under Article 9, Section 6 of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 (West 2014) and -2101.A.1 (West 2014).

## DISCUSSION

¶3        Mother contends the family court erred in dismissing her petition because the petition pled a claim in accordance with Arizona law governing support modification.  Because Rule 32.B.6 is the family law equivalent of Arizona Rule of Civil Procedure 12(b)(6), we review de novo the petition's dismissal on Rule 32 grounds.  *See Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012) (reviewing a Rule 12(b)(6) motion de novo); *Kline v. Kline*, 221 Ariz. 564, 568-69, ¶ 13, 212 P.3d 902, 906-07 (App. 2009) (noting that law interpreting other statewide rules is applicable when "the language of the family law rules is substantially the same").  We assume as true the facts pled in the modification petition, and we will affirm dismissal only if Mother is not entitled to relief under any

---

[1]        Father's answering brief on appeal states that he was incarcerated in 2007.

interpretation of the facts "susceptible of proof." *See Fidelity Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4, 954 P.2d 580, 582 (1998).

¶4            The Arizona Supreme Court has enacted guidelines for making child support determinations. *See* A.R.S. § 25-320 app. § 1.D (2011) (Guidelines). We interpret the Guidelines as we do statutes. *Patterson v. Patterson*, 226 Ariz. 356, 358, ¶ 4, 248 P.3d 204, 206 (App. 2011). As relevant here, Guidelines § 24.B outlines a "Simplified Procedure" for reviewing support modification petitions:

> Either parent . . . may request the court to modify a child support order if application of the guidelines results in an order that varies 15% or more from the existing amount. A fifteen percent variation in the amount of the order will be considered evidence of substantial and continuing change of circumstances. A request for modification of the child support amount must be accompanied by a completed and sworn "Parent's Worksheet for Child Support Amount," and documentation supporting the incomes if different from the court's most recent findings regarding income of the parents. If the party requesting the modification is unable to provide documentation supporting the other party's income, the requesting party shall indicate that the income amount is attributed/estimated and state the basis for the amount listed[.]
>
> . . .
>
> A copy of the request for modification of child support and the "Parent's Worksheet for Child Support Amount," including supporting documentation, showing that the proposed child support amount would vary 15% or more from the existing child support order shall be served on the other parent[.]
>
> If the requested modification is disputed, the parent receiving service must request a hearing within 20 days of service[.]
>
> . . .
>
> Upon proof of service and if no hearing is requested within the time allowed, the court will review the request and enter an appropriate order or set the matter for hearing.

**¶5** Mother's petition alleged that Father's interest in the Trust "should produce income of approximately \$1,000 per month" and requested a modification of up to that amount.[2] Mother's request exceeds the Guidelines' threshold of a fifteen percent support increase. Mother complied with the other requirements of § 24.B by indicating in her petition how she estimated Father's income amount, submitting an affidavit containing her then-current financial information, and serving Father with her petition and supporting documentation. Although Father disputed the requested modification by filing a motion to dismiss based on the spendthrift clause, he did not request a hearing. Mother filed a response to the motion to dismiss and disputed the facts in Father's motion.

**¶6** Because Father did not request a hearing, the family court was required, under the procedure established by Guidelines § 24.B, to either adjudicate the merits of the petition or set the matter for hearing. However, by not ruling on the merits and dismissing the petition for failure to state a claim under Rule 32.B.6, the family court did not follow the Guidelines. Mother's petition states a claim that, if true, is a substantial and continuing change of circumstances that may justify a support modification. Because we assume the petition's alleged facts as true, we conclude Mother's petition did not warrant dismissal for failure to state a claim upon which relief could be granted. On remand, the family court must determine whether it has sufficient evidence to rule on the petition's merits or whether a hearing is required to address the matter further.

---

[2] Father argues that the Trust's spendthrift provision voids any attempt to modify support based on his interest in the Trust. We reject that argument, however, because income received from a trust is included in determining one's "Gross Income" for modification purposes. Guidelines § 5.A. If Father is, in fact, receiving income from a trust, a spendthrift provision does not exempt the income from being considered for child support. *See* A.R.S. § 14-10503(A).

## CONCLUSION

**¶7** Because Mother's petition stated a claim following the procedure established by Guidelines § 24.B, we vacate the dismissal and remand to the family court for adjudication or a hearing in accordance with Guidelines § 24.B.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : gsh