NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANNETTEKAYE CASADY, *Plaintiff/Appellant*,

*v.*

THOMAS and CANDALEE PARKER, *Defendants/Appellees*.

No. 1 CA-CV 14-0307
FILED 3-26-2015

Appeal from the Superior Court in Maricopa County
No. CV2013-010016
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Annettekay Casady, Lind, WA
*Plaintiff/Appellant*

Thomas G. Parker, CandaLee Parker, Queen Creek
*Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which
Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

**H O W E**, Judge:

**¶1**        Annettekaye Casady appeals the dismissal of her complaint against Thomas and CandaLee Parker (collectively, "Parker"). The superior court found that Casady's complaint failed to state a claim upon which relief can be granted pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Citing criminal statutes, Casady sued Parker for stalking; harassment; use of electronic communication to terrify, intimidate, threaten, or harass; false reporting to law enforcement agencies; false reporting of child abuse or neglect; aggravated harassment; and taking the identity of another person. Casady also requested an order against harassment and the return of a $5,000 loan with interest.

**¶3**        Casady's complaint alleged that she had contacted Parker in June 2011 "to resolve a personal conflict[] that arose from [Parker and me] having a personal relationship with Johnny Reynolds." Casady "requested no more contact and [Parker] promised . . . [that] there would be no more contact." Casady complained that she had since received "over 7000 emails, texts, and posts, letters, cards, from [Parker]." Moreover, Casady alleged that Parker "further[ed] these acts with 'aggravating circumstances' by teasing, taunting, degrading, and publishing [Casady's] disability."

**¶4**        Casady requested $400,000 in "general damages . . . for personal attacks causing detrimental quality of life, for the work of cleaning this away, damages to relationships and self-esteem and for the laws [Parker] broke to create damages to [Casady's] life and liberty, ability to work, [and] ability for future employment and education." Parker moved to dismiss Casady's complaint pursuant to Rule 12(b)(6). Finding that Casady's complaint failed to state a claim upon which relief can be granted, the superior court dismissed Casady's complaint with prejudice. Casady timely appealed.

## DISCUSSION

**¶5**        Casady argues that her complaint should have survived dismissal under Rule 12(b)(6). We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7, 284 P.3d 863, 866 (2012). In our review, we accept the complaint's allegations as true and resolve all inferences in the plaintiff's favor.

*Southwest Non–Profit Housing Corp. v. Nowak*, 234 Ariz. 387, 390–91 ¶ 10, 322 P.3d 204, 207–08 (App. 2014). Mere conclusory statements, however, are insufficient to state a claim upon which relief can be granted. *Cullen v. Auto-Owners, Ins. Co.*, 218 Ariz. 417, 419 ¶ 7, 189 P.3d 344, 346 (2008). Dismissal pursuant to Rule 12(b)(6) is appropriate if—as a matter of law—the plaintiff would not be entitled to relief under any interpretation of the facts. *Coleman*, 230 Ariz. at 356 ¶ 8, 284 P.3d at 867 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224 ¶ 4, 954 P.2d 580, 582 (1998)). We will uphold a dismissal when the plaintiff could not prove any set of facts entitling him or her to relief. *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 184 Ariz. 419, 424, 909 P.2d 486, 491 (App. 1995).

¶6        With two exceptions, Casady has alleged only criminal violations, not civil causes of action. A plaintiff can only advance private causes of action for criminal offenses when the legislature has so provided. *Phoenix Baptist Hosp. v. Aiken*, 179 Ariz. 289, 295, 877 P.2d 1345, 1351 (App. 1994). Casady has not demonstrated that the legislature has done so for those criminal violations.

¶7        The two civil causes of action that Casady has ostensibly raised—an order against harassment and the return of a $5,000 loan—are not cognizable. Casady failed to proffer sufficient factual support for those claims; instead, she merely levies conclusory statements, which are insufficient to state a claim upon which relief can be granted. *Cullen*, 218 Ariz. at 419, 189 P.3d at 346. The superior court therefore properly dismissed Casady's complaint.

## CONCLUSION

¶8        For the foregoing reasons, we affirm.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama

3