NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANTHONY-ERIC EMERSON, *Plaintiff/Appellant*,

*v.*

KAREN L. O'CONNOR; JEANNE GARCIA, *Defendants/Appellees*.

No. 1 CA-CV 15-0094
FILED 1-5-2017

Appeal from the Superior Court in Maricopa County
No. CV2014-006803
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Anthony-Eric Emerson, Tucson
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Lisa M. Hemann
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1**        Emerson appeals the trial court's order dismissing his claims against Judges Garcia and O'Connor of the Maricopa County Superior Court (collectively, the "Defendants"). For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        In April 2013 and March 2014, Emerson was a defendant in a criminal matter in which first Judge Garcia and then Judge O'Connor presided.[1] In his civil complaint, Emerson alleged Defendants coerced and threatened him into accepting a plea agreement and attempted to force him into accepting legal representation. Emerson alleged these actions violated, *inter alia*, his Fifth and Fourteenth Amendment rights under the United States Constitution and requested $6,000,000 in damages.

**¶3**        Defendants moved to dismiss Emerson's complaint pursuant to Arizona Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants argued that absolute judicial immunity precluded any liability on Emerson's claims, and Emerson's pleadings failed to state a claim pursuant to 42 U.S.C. § 1983. Defendants also pointed out that Emerson failed to timely file a notice of claim pursuant to Arizona Revised Statutes ("A.R.S.") section 12-821.01(A). Emerson opposed the motion to dismiss arguing that Defendants were not acting in their judicial capacity when the alleged actions took place, and they waived judicial immunity. Emerson also argued that he sufficiently pled and fulfilled the requirements of a timely notice of claim. The superior court granted Defendants' motion to dismiss based on judicial immunity, failure to state a claim, and the notice

---

[1]        We take judicial notice of CR2010-139292-001 and CR2010-138001. Emerson was charged with armed robbery, under A.R.S. § 13-1904, as well as robbery and a narcotic drug violation, under A.R.S. §§ 13-1902 and 13-3408, respectively.

of claim was untimely. Emerson timely appealed and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶4** We review a trial court's order dismissing a complaint pursuant to Rule 12(b)(6) *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We assume the truth of all adequately pled allegations in the complaint and construe them in the light most favorable to the plaintiff. *Lerner v. DMB Realty, LLC*, 234 Ariz. 397, 401, ¶ 10 (App. 2014). A superior court's decision to grant a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) will be upheld if, "as a matter of law [the plaintiff] would not be entitled to relief under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. Co. v. State, Dept. of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998).

**¶5** Emerson's opening brief fails to make an argument on appeal as required by Arizona Rule of Civil Appellate Procedure 13, and instead sets forth multiple "proof of claim" contentions.[2] Because the basis of the appeal lies in the motion to dismiss, we understand Emerson's argument to be the Defendants are not entitled to judicial immunity because he is a sovereign citizen, and therefore not subject to the jurisdiction of the courts of the State of Arizona and the Federal Constitution. The existence of judicial immunity is a question of law that we review *de novo*. *Widoff v. Wiens*, 202 Ariz. 383, 385–86, ¶ 8 (App. 2002). We will only address the issue of judicial immunity because it is dispositive.

**¶6** A judge is absolutely immune from a suit for money damages and is precluded from civil liability in cases in which the suit is based on judicial acts taken within the judge's subject matter jurisdiction, even when the judge is accused of acting maliciously or corruptly. *In re Alexander*, 232 Ariz. 1, 11, ¶ 41 (2013) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). An act is considered "judicial" if it is an act that is normally performed by a judge in the judge's adjudicative capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

**¶7** Here, Emerson bases his complaint on Defendants' actions during criminal proceedings where Emerson was a defendant. Defendants'

---

2 Rule 13(a) places the burden on the appellant to demonstrate the existence of an error. An appellant must set forth a statement of the case, a statement of facts, issues, arguments setting forth the contentions with record references, and the relief sought.

acts of suggesting legal representation to Emerson and discussing plea offers are judicial acts in the course of an adjudication—a function normally performed by a judge as required by law. *See* Ariz. R. Crim. P. 17.2, 17.4(a).

**¶8**        Emerson also argues that because he is a sovereign citizen, the Defendants had no jurisdiction over his person and thus were not entitled to judicial immunity. The cases Emerson relies on do not support his contentions. *See* ARCAP 13(a)(7); *State v. Nirschel*, 155 Ariz. 206, 208 (1987) (appellant's contention must be supported by legal authority in the opening brief).

## CONCLUSION

**¶9**        For the foregoing reasons, we affirm the superior court's granting of the motion to dismiss.



AMY M. WOOD • Clerk of the Court
FILED:  AA