NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WILLIAM BELLAMY,
*Plaintiff/Appellant,*

*v.*

BENNIE H ROLLINS, et al.,
*Defendants/Appellees.*

No. 1 CA-CV 17-0506
FILED 6-28-2018

Appeal from the Superior Court in Maricopa County
No.  CV2017-000700
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

William Bellamy, Florence
*Plaintiff/Appellant*

The Herzog Law Firm, PC, Scottsdale
By Michael W. Herzog
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**M O R S E**, Judge:

**¶1**   William Bellamy appeals the superior court's dismissal of his claim against Bernie Rollins, John Gay, The GEO Group, Inc., the Arizona Department of Corrections, Dora Schriro, and Janet Napolitano ("Defendants").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**   On March 1, 2017, Bellamy filed a complaint alleging Defendants transferred him and other inmates to an institution outside the state, in violation of Arizona Revised Statutes ("A.R.S.") section 31-472, which provides that "no inmate sentenced under Arizona law may be transferred from an institution within this state to an institution without this state, unless he has executed, in the presence of the warden or other head of the institution in this state in which he is confined, a written consent to the transfer."  Bellamy was the only plaintiff to sign the complaint.  On May 25, 2017, Defendants filed a motion to dismiss the complaint pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(5) and (6).  Bellamy did not respond to the motion.  On July 21, 2017, the superior court dismissed the complaint finding (1) Defendants were not properly served, (2) the complaint was barred by the statute of limitations, and (3) the complaint was improperly filed for plaintiffs, other than Bellamy, because they failed to sign the complaint, as required by Rule 11(a).  Bellamy timely appealed.

## DISCUSSION

**¶3**   We review de novo the dismissal of a complaint pursuant to Rule 12(b), *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012), and assume the plaintiff's alleged facts are true, *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224, ¶ 4 (1998).  We will affirm the dismissal if we are "satisfied as a matter of law that plaintiff[] would not be entitled to relief under any interpretation of the facts susceptible of proof."  *Id.*

**¶4**   Bellamy filed his complaint in 2017, alleging that Defendants transferred more than 560 inmates, including Bellamy, without their

written consent, to Pecos, Texas in 2005. Patrice Brown and David Mariscal, who were both named plaintiffs in Bellamy's complaint, but who did not sign the pleading, also filed a claim based on the same allegations in 2016. This court affirmed the dismissal of Brown and Mariscal's cases because they were barred by the statute of limitations. *Brown v. Zoley*, 1 CA-CV 17-0039, 2017 WL 4127701 (App. Sept. 19, 2017) (mem. decision). We affirm the dismissal of Bellamy's complaint for the same reason.

**¶5**        Bellamy's cause of action was based on a statute, and A.R.S. § 12-541(5) required that he commence the action "within one year after the cause of action accrues, and not afterward." Because Bellamy's claim accrued in 2005, his 2017 complaint was barred by the statute of limitations and properly dismissed by the superior court.

**¶6**        Bellamy argues that the statute of limitations was tolled because he was not aware of A.R.S. § 31-472. "Under the 'discovery rule,' a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995). Because awareness of a statute's existence is not a fact that gives rise to a cause of action, the statute of limitations was not tolled. *See Kowske v. Life Care Ctrs. Of Am., Inc.*, 176 Ariz. 535, 537 (App. 1993) (finding the discovery rule does not apply to the legal significance of facts that give rise to an underlying cause of action).

**¶7**        Because we affirm the superior court's finding that the complaint was barred by the statute of limitations, it is not necessary to address Bellamy's other arguments on appeal.

## CONCLUSION

**¶8**        We affirm the superior court's dismissal of Bellamy's complaint because it was barred by a one-year statute of limitations.



AMY M. WOOD • Clerk of the Court
FILED:  AA