NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DAMIAN L. DUDLEY, *Plaintiff/Appellant*,

*v.*

CHARLES L. RYAN, *Defendant/Appellee*.

No. 1 CA-CV 20-0180
FILED 4-15-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-006528
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Damian L. Dudley, Buckeye
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael E. Gottfried
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

**B A I L E Y**, Judge:

¶1        Damian L. Dudley appeals the dismissal of his complaint against the Arizona Department of Corrections, Rehabilitation, and Reentry ("DOC") Director Charles Ryan.  Dudley also appeals the court's denial of his attempts to amend the complaint.  For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Dudley, an inmate in DOC, transferred housing units in April 2017.  While unpacking in his new cell, Dudley discovered he was missing an orange sweatshirt, sweatshorts, and two long-sleeve shirts he had purchased from the inmate commissary.  Dudley filed a complaint against two unnamed correctional officers and Ryan, in his official capacity, alleging violations of his due process rights under the Arizona and United States Constitutions.  He sought compensatory and punitive damages from the correctional officers and an injunction prohibiting DOC from selling orange clothing to inmates.  Dudley served the complaint on Ryan but not on the two correctional officers.

¶3        Ryan moved to dismiss the complaint pursuant to Arizona Rule of Civil Procedure 12(b)(6).  He argued that selling orange clothing did not violate Dudley's due process rights and that Dudley's claims were nonetheless barred by A.R.S. § 31-201.01.  After full briefing, the court granted Ryan's motion to dismiss.

¶4        We have jurisdiction over Dudley's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21 (A)(1), and –2101(A)(1).

## DISCUSSION

¶5        We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).  Under Rule 12(b)(6) "dismissal is appropriate . . . only if 'as a matter of law [] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof.'" *Id.* at 356, ¶ 8 (alteration in original) (quoting *Fid. Sec. Life Ins. Co. v. Ariz. Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)).  In considering a Rule 12(b) motion, "courts must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Id.* at ¶ 9.

¶6        Under A.R.S. § 31-201.01(L), a prisoner may not sue the State unless he alleges that he "suffered serious physical injury or the claim is

authorized by a federal statute." Dudley's complaint does not allege serious physical injury; nor does he argue on appeal that his claim is authorized by federal law. Although Dudley's complaint purports to raise a due process claim under the Fourteenth Amendment, he cites no authority for the proposition that the sale of orange clothing to inmates violates their due process rights. Thus, the superior court did not err in dismissing Dudley's complaint.

¶7 Dudley twice filed purported amended complaints but never moved for leave to amend under Rule 15. Under that rule, "[a] party may amend its pleading once as a matter of course . . . if a motion under Rule 12(b) . . . is served, on or before the date on which a response to the motion is due." Ariz. R. Civ. P. 15(a)(1)(B). "In all other instances, a party may amend its pleading only with leave of the court or with the written consent of all opposing parties who have appeared in the action." Ariz. R. Civ. P. 15(a)(2). Given that Dudley filed both amended complaints after his Rule 12(b) response was due, filed no motion for leave to amend, and the parties did not stipulate to the amendments, his amended complaints were not properly before the superior court, and we decline to address them now.

## CONCLUSION

¶8 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA