NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DISCOVER BANK, *Plaintiff/Appellant*,

*v.*

DEE STEADMAN, *Defendant/Appellee*.

No. 1 CA-CV 20-0593
FILED 6-8-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-093773
The Honorable Tracey Westerhausen, Judge

**REVERSED AND REMANDED**

COUNSEL

Rausch, Sturm, Israel, Enerson & Hornik, LLC, Las Vegas, Nevada
By Nicholas Hemphill Bullock
*Counsel for Plaintiff/Appellant*

Stoops, Denious, Wilson & Murray, P.L.C., Phoenix
By Michael T. Denious
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**W I N T H R O P**, Judge:

¶1        Discover Bank ("Discover") appeals the superior court's dismissal with prejudice of its complaint for failure to state a claim. Discover argues its complaint contained all necessary elements to meet Arizona's notice pleading standard and assert a valid breach of contract claim. *See* Ariz. R. Civ. P. ("Rule") 8(a). We agree and accordingly reverse and remand for further proceedings consistent with this decision.

**FACTS AND PROCEDURAL HISTORY**

¶2        On April 4, 2019, Discover filed a single-count complaint against Dee Steadman ("Steadman") for breach of contract. The complaint alleged that on or about May 28, 2014, Steadman "entered into an agreement for the extension of credit bearing account number ending in ********4754" with Discover. The complaint stated Steadman had failed to make any payments pursuant to the agreement since January 3, 2017, and owed a total of $12,748.66 on the account, including interest and fees.

¶3        Steadman filed a motion for a more definite statement, asking Discover to amend its complaint and provide details of the total amount lent to Steadman, the dates upon which money was due, the terms of repayment, and whether the contract was oral or in writing. Discover opposed that motion, arguing the complaint adequately provided a "short and plain statement of the claim showing that [Discover was] entitled to relief," in compliance with the requirements of Rule 8(a). Discover further argued Steadman could determine the account at issue based on the information provided in the complaint, including the creditor, the last four digits of the account number, the date of her default, and the total amount owed.

¶4        The court held a brief oral argument and then denied the motion for a more definite statement, directed Steadman to answer the

complaint based on the information given,[1] encouraged the parties to cooperate in the informal exchange of relevant information, and concluded specific details about the account would be "flesh[ed] out in discovery."

¶5          Steadman instead, some months later, filed a Rule 12(b)(6) motion to dismiss the complaint, arguing that because Discover did not explicitly allege a written contract, the court should conclude the contract was oral and therefore time-barred by the applicable three-year statute of limitation period for a debt based on a contract not evidenced in writing. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-543(1).  In that regard, Steadman argued the statute of limitation began to run at the time the contract was formed in 2014, citing *In re Estate of Musgrove*, 144 Ariz. 168, 170 (1985) and *Freeman v. Wilson*, 107 Ariz. 271, 277 (1971).

¶6          Discover responded to the motion to dismiss, contending — without providing any documentation — that the agreement was "a contract evidenced by writings" subject to a six-year statute of limitation period pursuant to A.R.S. § 12-548.  Discover also argued the statute of limitation began to run on the date of Steadman's last payment in January 2017.

¶7          The superior court granted the motion to dismiss.  In its minute entry, the court gave a brief recitation of the procedural history of the case, summarized the parties' arguments, laid out the standard of review, and then concluded simply, "In its Complaint, Discover failed to allege whether the contract was oral or written and failed to allege any terms of that contract.  The Court grants Steadman's Motion to Dismiss." The court entered a final judgment of dismissal with prejudice and awarded Steadman her attorneys' fees and costs.

¶8          Discover filed a timely notice of appeal.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**ANALYSIS**

¶9          We review *de novo* the superior court's dismissal of a complaint.  *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).  We assume the truth of all well-pled factual allegations contained in the pleadings and "indulge all reasonable inferences therefrom."  *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).  We "will not affirm the dismissal unless satisfied as a matter of law that plaintiffs would not be entitled to relief

---

[1]          Counsel for Steadman indicated that, rather than file an answer, he intended to file a motion to dismiss based on the statute of limitation.

under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. Co. v. Ariz. Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998).

**¶10** Arizona courts assess the sufficiency of a claim pursuant to Rule 8's requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to give the defendant "fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Cullen*, 218 Ariz. at 419, ¶ 6 (quoting *Mackey v. Spangler*, 81 Ariz. 113, 115 (1956)). The notice pleading standard has only "minimal requirements," and "a complaint need not set forth every fact that may be associated with a claim." *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 514, ¶¶ 14-15 (2021); *accord Reyes v. Town of Gilbert*, 247 Ariz. 151, 159, ¶ 30 (App. 2019) (explaining Arizona's notice pleading standard "is a broad standard").

**¶11** In addition to a short and plain statement of the claim, Rule 8 also requires a statement of the grounds for the court's jurisdiction and demand for the relief sought. Here, although not a model of clarity, Discover's complaint met the minimum requirements of the broad notice pleading standard pursuant to Rule 8. Discover set forth the grounds for the superior court's jurisdiction and made a plain statement of the alleged breach of contract by explaining Steadman's failure to make payments on an "agreement for the extension of credit bearing account number ending in ********4754" with Discover. Discover also identified the relief it sought: the balance due on the account, along with interest and late fees, totaling $12,748.66. The superior court erred in dismissing with prejudice Discover's complaint based on the fact that "Discover failed to allege whether the contract was oral or written and failed to allege any terms of that contract."

**¶12** On the record before us, however, the specific nature of the contract is unclear. We cannot say as a matter of law that Discover "would not be entitled to relief under any interpretation of the facts susceptible of proof" because it is not clear what the applicable statute of limitation is for the alleged agreement.[2] *See Fid. Sec. Life Ins. Co.*, 191 Ariz. at 224, ¶ 4.

---

[2] Based on our ultimate resolution of this matter, we do not address the merits of the parties' arguments regarding when the cause of action accrued or which statute of limitation applies. However, we note that the statute of limitation is an affirmative defense, *see* Rule 8(d)(1)(P), and thus Steadman bears the burden of proof in establishing such a defense. *See In*

¶13        We are puzzled by Discover's reluctance to explicitly advise the court and Steadman regarding the nature of the agreement or to provide any documentation, despite Steadman's requests for additional information. Discover's complaint is vague regarding the agreement's details, and that vagueness persists in its briefs on appeal. Based on the ambiguous pleadings, the superior court would have been well within its discretion to either grant the motion for a more definite statement or dismiss the complaint without prejudice to Discover refiling and providing additional detail on the nature of the agreement between the parties. We are equally puzzled by Steadman's apparent reluctance to seek a good cause exception to Rule 26.1(f)'s presumptive ban on serving discovery requests until disclosure statements are exchanged. If authorized by the court, any of the typical written discovery options available—non-uniform interrogatories, requests for admission, or requests for production of documents—would likely have provided the specific account information and documents necessary to assist the parties and the court in determining with certainty the nature of the contract claim and the applicable limitation period.

¶14        In summary, questions of fact related to the nature or terms of the agreement can be further explored on remand through the discovery process and compliance with Rule 26.1. Accordingly, we reverse the superior court's dismissal of Discover's complaint, recognizing summary judgment proceedings may be appropriate if the facts indicate through the discovery process that the complaint is barred as a matter of law by the applicable statute of limitation. Based on our reversal of the motion to dismiss, we also vacate the court's award of attorneys' fees and costs without prejudice to the court reconsidering such award in light of further proceedings.

**CONCLUSION**

¶15        For the foregoing reasons, we reverse the superior court's order dismissing Discover's complaint with prejudice and remand for further proceedings consistent with this decision. We also vacate the court's award of attorneys' fees and costs. Pursuant to A.R.S. § 12-341, we

---

*re Est. of Page v. Litzenburg*, 177 Ariz. 84, 91 (App. 1993). Simply pointing to the ambiguity in Discover's complaint regarding whether the parties' agreement was written or oral is not sufficient to presume—let alone establish—that the agreement was oral, nor constitute adequate proof to establish the applicable statute of limitation.

award Discover its costs on appeal, subject to compliance with Arizona Rule of Civil Appellate Procedure 21(b).



AMY M. WOOD • Clerk of the Court
FILED:    AA