NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant,*

*v.*

JOHN ROBERT BOLT, *Defendant/Appellee.*

No. 1 CA-CV 24-0284

FILED 12-05-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-093090
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

John Danko, III, Mesa
*Plaintiff/Appellant*

Udall Law Firm, LLP, Tucson
By Craig L. Cline
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Andrew M. Jacobs joined.

**T H U M M A**, Judge:

¶1          Plaintiff John Danko III appeals from an order granting a motion to dismiss his claims against defendant John Robert Bolt for failure to state a claim. Because Danko has shown no error, the dismissal is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2          This case is one of dozens Danko has filed arising out of family court proceedings occurring nearly a decade ago.[1] Bolt's law firm represented Danko in Pima County Superior Court for several months, ending in June 2016. By that time, the firm had provided Danko invoices and charged him $33,010, which it satisfied from funds Danko had provided. Danko then sought a refund, using a debt collection company. On August 2, 2021, Bolt responded to the debt collection company with an email that Danko claims defamed him.

¶3          On July 3, 2023, Danko filed this case as a self-represented litigant. Although not listing separate counts, Danko's complaint alleges breach of contract, negligent misrepresentation, professional negligence, breach of fiduciary responsibility, conversion, abuse of process, contributory negligence, attractive nuisance, fraud, breach of confidence, breach of promise, degradation and unjust enrichment arising out of Bolt's legal representation. Danko also alleges battery, assault and intentional infliction of emotional distress based on Bolt allegedly "scream[ing] curse words and [throwing] paper clips and papers at [Danko]'s face, cutting [Danko]'s face" during the legal representation and defamation, slander, libel, abuse, humiliation, harassment, degradation, fraud, negligence, misrepresentation, invasion of privacy, negligent infliction of emotional distress and false light arising from "[Bolt]'s knowing[] and repeat[ed] false claims against" Danko. He also alleges direct and indirect liability for trespass by Danko's ex-spouse as a result of Bolt's legal representation.[2]

---

[1] Danko has been designated a vexatious litigant by the superior court and, more recently, this court. *See* Ariz. Ct. App., Div. 1, Admin. Ord. No. 2024-10; Maricopa Cnty. Super. Ct. Admin. Ord. No. 2023-135.

[2] Danko includes arguments and information unrelated to this appeal, which are not addressed here. In addition, to the extent Danko seeks to assert claims not made in his complaint, which he did not seek leave to amend, those claims are waived. *Cont'l Lighting & Contracting, Inc. v. Premier*

These allegations stem from: (1) Bolt's legal representation of Danko, during which Bolt allegedly "scream[ed] curse words and threw paper clips and papers at [Danko]'s face, cutting [Danko]'s face;" and (2) the August 2021 e-mail.

**¶4**        Bolt moved to dismiss, asserting Danko's claims are time-barred, and the complaint failed to state a claim upon which relief can be granted. *See* Ariz. R. Civ. P. 12(b)(6) (2024).[3] After full briefing, the court granted the motion. After entry of final judgment, Danko timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S) sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.    Danko Has Waived Any Arguments He May Have Sought to Raise on Appeal.

**¶5**        As Bolt notes, Danko's briefs do not comply with applicable rules. They do not include "appropriate references to the record," ARCAP 13(a)(4), or citations to legal authority relied upon, ARCAP 13(a)(7)(A). By failing to comply with these requirements, Danko has waived any arguments he may have wished to present. *See e.g., Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 ¶ 6 n.2 (App. 2007); *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137 ¶ 7 n.2 (App. 2011). In addition, Danko seeks to raise arguments for the first time in his reply brief on appeal, which is improper and such arguments (which have been waived) will not be addressed here. *See Nelson v. Rice*, 198 Ariz. 563, 567 ¶ 11 n.3 (App. 2000); ARCAP 13(c).

**¶6**        Along with these waivers, Danko focuses on legal issues that are not relevant here. Danko's primary argument is that Bolt "had minimum contacts in Arizona" and "Arizona does have in personum jurisdiction over" Bolt. Danko's opening brief then spends nearly a dozen pages discussing personal jurisdiction, which was not raised by Bolt's 12(b)(6) motion. Indeed, it appears that Danko's opening brief may have been copied from one of his other appeals where personal jurisdiction was

---

*Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011); *Schurgin v. Amfac Elec. Distribution Corp.*, 182 Ariz. 187, 190 (App. 1995) (citing cases).

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

at issue. *See supra,* n.1. Such arguments are improper. *See* ARCAP 25 (authorizing sanctions when a party violates ARCAP).

## II. Waiver Aside, Danko Failed to State a Claim Upon Which Relief May Be Granted.

**¶7** In considering a motion to dismiss for failure to state a claim, the court assumes the truth of all well-pleaded facts alleged in the complaint. *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4 (1998) (citing cases). This court reviews de novo the court's grant of a motion to dismiss for failure to state a claim. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012).

### A. Danko's Professional Malpractice Claims Fail Because He Failed to Comply with A.R.S. § 12-2602.

**¶8** For his professional malpractice claims, Danko was required to (but failed to) file an affidavit of an expert to bring an action for legal malpractice against his attorney. A.R.S. § 12-2602(B). For this reason, Danko's professional malpractice claims fail.

### B. Danko's Claims Are Time-Barred.

**¶9** This case, filed on July 3, 2023, stems from alleged conduct from two periods: (1) Bolt's legal representation of Danko that ended in June 2016, during which Bolt allegedly cursed and threw paper clips and papers at Danko and (2) Bolt's purportedly defamatory response to a debt collection company in an August 2, 2021 email. Without objection, Danko supplemented his complaint with an August 2021 e-mail and billing records through June 29, 2016 for Bolt's legal services. The superior court properly could consider these materials in addressing Bolt's motion to dismiss. *See Dunn v. FastMed Urgent Care PC,* 245 Ariz. 35, 38–39 ¶ 12 (App. 2018) (citing cases).

**¶10** Because he waited until July 3, 2023 to file this case, Danko's defamation-related claims arising out of the August 2, 2021 email are time-barred. *See* A.R.S. § 12-541(1). Similarly, Danko's claims arising out of prior legal representation are time-barred. *See* A.R.S. §§ 12-541 to -548, -550 (listing various limitations periods, the longest of which is six years).[4]

---

[4] Although Danko seeks to argue that Bolt "never terminated his representation," he failed to support such an argument in superior court, meaning it is waived on appeal. *See Cont'l Lighting & Contracting, Inc.*, 227 Ariz. at 386 ¶ 12; *Schurgin*, 182 Ariz. at 190 (citing cases).

Accordingly, by failing to sue until July 3, 2023, Danko waited too long, and his claims are barred by the applicable limitations periods.

## ATTORNEYS' FEES ON APPEAL

**¶11**        Both Danko and Bolt request attorneys' fees on appeal as sanctions pursuant to ARCAP 25. Because Danko has shown no sanctionable conduct by Bolt, his request is denied. Because Danko has not complied with this court's rules, Bolt's request is granted to the extent that Bolt is awarded a portion of his reasonable attorneys' fees incurred on appeal, as well as his taxable costs, contingent upon his compliance with ARCAP 21.

## CONCLUSION

**¶12**        The judgment is affirmed.

