25 P.3d 1

**REPUBLIC NATIONAL BANK OF NEW YORK, Plaintiff/Appellant,**

v.

**PIMA COUNTY, a body politic; Stewart Title and Trust of Tucson Under Trust No. 1095; Cimarron Properties Corporation, an Arizona corporation, and its successor by merger, Lynch Properties Corporation, a New Mexico corporation, and its successor by merger, Lynch Investment Company, a Texas corporation; Harry H. Lynch and Christina Lynch, husband and wife; William W. Lynch, Jr., and Sandra Lynch, husband and wife; William W. Lynch, Sr., deceased, and Martha Lynch, his widow; Jack Maddox, deceased, and Mabel Maddox, deceased, husband and wife, Defendants/Appellees.**

No. 2 CA–CV 00–0183.

Court of Appeals of Arizona,
Division 2, Department B.

April 3, 2001.

Leonard Felker Altfeld Greenberg & Battaile, P.C., by John F. Battaile III, Tucson, Attorneys for Plaintiff/Appellant.

Barbara LaWall, Pima County Attorney, by Katharina Richter and Christopher Straub, Tucson, Attorneys for Defendant/Appellee Pima County.

Goodwin Raup, P.C., by Marty Harper and Kelly J. Flood, Phoenix, Attorneys for Defendants/Appellees Lynch Group.

*OPINION*

HOWARD, Presiding Judge.

¶ 1 Appellant Republic National Bank of New York, a lienholder on real property, sued appellees the Lynch Group [1] and Pima County for damages to the real property, allegedly sustained because appellees had negligently developed or allowed the development of the subdivision in which the real property is located and had negligently maintained roadway improvements in the subdivision. Appellees moved to dismiss the complaint, claiming they owed no duty to Republic and statutes of limitations barred the action. The trial court agreed that appellees owed no duty to Republic and dismissed the complaint. We affirm in part and reverse in part.

## BACKGROUND

■ ¶ 2 In reviewing a trial court's ruling on a motion to dismiss for failure to state a claim, we will assume all the facts alleged in the complaint are true. *Fidelity Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, ¶ 4, 954 P.2d 580, ¶ 4 (1998). In 1972, the Lynch Group began developing Cimarron Foothills Estates, which included a single-family homesite known as lot 260, the real property at issue here, knowing that it would ultimately sell the developed property and that mortgage lenders would finance those sales. In the process of that development, the Lynch Group improperly designed and constructed the Placita Aurelia roadway by building the roadway embankment two feet higher than planned and by using undersized drainage culverts, thereby altering the natural drainage of the Craycroft Wash. Additionally, when it platted the subdivision, the Lynch Group failed to take account of those roadway improvements and, therefore, inaccurately designated the one-hundred-year floodplain boundary of the Craycroft Wash.

¶ 3 Pima County approved the allegedly defective roadway designs and plat map. The County thereafter took title to the Placita Aurelia roadway and inadequately maintained the defective conditions that had altered the natural drainage of the Craycroft Wash.

¶ 4 As a result of the Lynch Group's platting errors and the County's plat approval, the plat map incorrectly showed lot 260 as located outside the Craycroft Wash one-hundred-year floodplain boundary. But the Lynch Group's improper design and construction of the Placita Aurelia roadway improvements had altered the natural drainage of the Craycroft Wash so that most of lot 260 was, in fact, within the one-hundred-year floodplain boundary. And the roadway improvements combined with Pima County's inadequate maintenance of the drainage culverts had made lot 260 vulnerable to flooding. Thus, when a single-family residence was constructed on lot 260, the property had a latent defect undiscoverable by subsequent lienholders.

¶ 5 In 1984, Republic's predecessor in interest lent Paul and Kathleen Askren the purchase money for lot 260 and secured the loan with a deed of trust on the property. Thereafter, Republic acquired the beneficial interest in the deed of trust.[2] And, in September 1996, the latent defect and negligent acts twice caused flood waters to invade lot 260, causing substantial damage.

¶ 6 In October 1999, Republic filed this action against appellees. Republic claimed that both the Lynch Group and Pima County had negligently damaged lot 260, were strict-

---

1. The Lynch Group consists of Stewart Title and Trust of Tucson Under Trust No. 1095; Cimarron Properties Corporation; Lynch Properties Corporation; Lynch Investment Company; William W. Lynch, Jr., and Sandra Lynch, husband and wife; William W. Lynch, Sr., deceased, and Martha Lynch, his widow; and Jack Maddox, deceased and Mabel Maddox, deceased, husband and wife.

2. From the complaint, it is unclear when and how Republic acquired its interest in the property.

ly liable for altering the natural drainage of the Craycroft Wash, and had committed waste under A.R.S. § 33–806(B). Additionally, Republic asserted claims solely against Pima County for inverse condemnation, trespass, and nuisance and sought injunctive relief.

¶ 7 The Lynch Group moved to dismiss Republic's negligence, strict liability, and waste claims pursuant to Rule 12(b)(6), Ariz. R. Civ. P., 16 A.R.S., for failure to state a claim for which relief can be granted, arguing "[t]here is no common law or statutory tort duty owed by a subdivision developer to any future mortgage company." It also contended that Republic's complaint failed to set forth the necessary elements of waste. Finally, the Lynch Group contended that, because the flooding occurred in September 1996 and Republic had not filed its complaint until October 1999, the statute of limitations had expired. Pima County joined in the Lynch Group's motion and also asked the trial court to dismiss Republic's claims for inverse condemnation and trespass.

¶ 8 Republic opposed the motion by asserting that the common law and Pima County Ordinance No. 1974–86 established a duty of care supporting the negligence claims, its strict liability claim required no showing of duty, and § 33–806(B) permitted Republic to sue for waste. Additionally, Republic argued that its claim for waste under § 33–806(B) was broader than a common law waste action and included claims for damage to lot 260 and impairment of its security interest. Republic also asserted the motion to dismiss could not be granted on statute of limitations grounds because "the complaint contains no allegation whatever from which the court could conclude ... that Republic ... knew or should have known on the date of the flood about the Lynch [Group's] conduct, and how and why that conduct damaged its loan collateral."

¶ 9 The trial court granted appellees' motion to dismiss and sua sponte dismissed Republic's count for nuisance, stating:

THE COURT FINDS THAT these Defendants owe no statutory or common law duty to [Republic] for any of the claims made in the Complaint. Unless there is a duty either [at] common law or created by statute, no cause of action can lie against the Defendants.

The court further found Republic had not stated a claim for waste but did not rule on the statute of limitations defense. This appeal followed.

## STANDARD OF REVIEW

 ¶ 10 "In reviewing a trial court's decision to dismiss a complaint for failure to state a claim, we ... will not affirm the dismissal unless satisfied as a matter of law that plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Fidelity Sec. Life Ins. Co.*, 191 Ariz. 222, ¶ 4, 954 P.2d 580, ¶ 4. And, to the extent the trial court's decision involves interpretation of a statute, we review that issue de novo. *Bills v. Arizona Property & Cas. Ins. Guar. Fund*, 194 Ariz. 488, ¶ 6, 984 P.2d 574, ¶ 6 (App.1999).

## DUTY

 ¶ 11 Republic argues that, because both § 33–806(B) and the common law establish a duty in favor of Republic, the trial court erred by concluding that Pima County and the Lynch Group owed no such duty.[3] The existence of duty is a threshold issue that is usually decided by the trial court as a matter of law, subject to our de novo review. *Knauss v. DND Neffson Co.*, 192 Ariz. 192, 195, 963 P.2d 271, 274 (App.1997).

 ¶ 12 Duty is a " 'question of whether the defendant is under any obligation for the benefit of a particular plaintiff.' " *Ontiveros v. Borak*, 136 Ariz. 500, 508, 667 P.2d 200, 208 (1983), *quoting* William L. Prosser, *Handbook of the Law of Torts* § 53, at 324 (4th ed.1971). "[A] negligence action may be maintained only if there is a duty or obligation, recognized by law, which requires the defendant to conform to a particular stan-

---

3. Neither the parties nor the trial court differentiated among the various theories of recovery but discussed the law concerning duty in negligence actions. We will, therefore, also discuss duty primarily in the negligence context.

dard of conduct in order to protect others against unreasonable risks of harm." *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 354, 706 P.2d 364, 366 (1985). Section 33–806(B) recognizes that injury to trust property or security can harm the interest of the trust beneficiary and that third parties have certain obligations to the trust beneficiary:

> The trustee or beneficiary shall have a right to maintain an action against any person, including the trustor, for a claim for relief where damage or injury occurs or may occur to the trust property or interests therein, including but not limited to actions for damages or to prevent:
>
> 1. Physical abuse to or destruction of the trust property, or any portion thereof.
> 2. Waste.
> 3. Impairment of the security provided by the trust deed. In any such action the trustee or beneficiary, or both, shall also be entitled to recover costs and reasonable attorney's fees and shall be entitled to all remedies available. Recovery of damages under this section shall be limited to damages or injuries incurred during the time the trustor is in possession or control of the trust property. . . .

The legislature has determined that, at a minimum, if someone physically abuses or destroys the property, commits waste, or impairs the security, the trust deed beneficiary has a cause of action against that person. Thus, the legislature has recognized that third parties have a duty to trust deed trustees and beneficiaries.

¶ 13 Furthermore, this result is in keeping with the rule at common law that "an action may be maintained by a mortgagee against a third person who impairs his or her security by damaging the mortgaged property." 54A Am.Jur.2d *Mortgages* § 286 (1996). *See also* 59 C.J.S. *Mortgages* § 323 (1998); *U.S. Financial v. Sullivan*, 37 Cal. App.3d 5, 112 Cal.Rptr. 18, 22–23 (1974); *Arnold v. Broad*, 15 Colo.App. 389, 62 P. 577 (1900); *Moseley v. Bi–Lo Supermarket, Inc.*, 341 So.2d 222, 223 (Fla.Dist.Ct.App.1976); *Terry v. C.B. Contracting Co.*, 388 S.W.2d 349 (Mo.Ct.App.1965); *McCorristin v. Salmon Signs*, 244 N.J.Super. 503, 582 A.2d 1271 (App.Div.1990). Therefore, the trial court erred in finding that the Lynch Group and Pima County owed no duty to the beneficiary, Republic.

¶ 14 On appeal, appellees concede the general rule is that a trust deed beneficiary may maintain an action for damages to the trust property that impair the beneficiary's security. Nevertheless, they argue that, because the allegedly tortious conduct occurred years before the Askrens purchased lot 260 and before Republic acquired its security interest, "temporal remoteness" prevents the imposition of a duty. But "temporal remoteness will not by itself necessarily limit duty flowing from a negligent act." *Davis v. Mangelsdorf*, 138 Ariz. 207, 211, 673 P.2d 951, 955 (App.1983). *See also* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 43, at 283 (5th ed. 1984) ("Remoteness in time . . . may give rise to the likelihood that other intervening causes have taken over the responsibility. But when causation is found, and other factors are eliminated, it is not easy to discover any merit whatever in the contention that such physical remoteness should of itself bar recovery.").

¶ 15 Moreover, appellees' reliance on *Davis* is misplaced. In *Davis*, Division One of this court held that the tortfeasor's former physician, who had advised the patient seventeen years previously to discontinue seizure medication, did not "control" the tortfeasor at the time of the accident for purposes of Restatement (Second) of Torts § 315 (1965). The issue here is not control of a tortfeasor but damage allegedly caused by appellees' negligent acts. Thus, this case is more akin to the hypothetical negligent manufacturer mentioned in *Davis* who places a defective product in the distribution chain and is found liable years later. *See also* Keeton, *supra* § 43, at 283 ("The defendant who sets a bomb which explodes ten years later . . . has caused the result and should obviously bear the consequences.").

¶ 16 Furthermore, appellees do not deny that the Askrens owned lot 260 and that Republic, or its predecessor in interest, owned the beneficial interest in the deed of trust when the physical abuse or destruction

occurred. Thus, the physical abuse or destruction occurred during the time in which § 33–806(B) imposes a duty, "the time the trustor is in possession or control of the trust property." The mere passage of time between the alleged negligent acts and the physical abuse or destruction did not remove appellees' duty.

¶ 17 Appellees also argue that imposing a duty on them in favor of Republic, a "remote mortgagee," would give a lienholder rights superior to the owner. They rely on *In re Sapphire Investments*, 27 B.R. 56, 57 (Bankr.D.Ariz.1983), but *Sapphire* involved the reinstatement of a defaulted mortgage after a judgment of foreclosure; it did not compare the rights of mortgagors with the rights of mortgagees.[4] And appellees cite no other authority for the proposition that a homeowner must own the property when the alleged tortious acts occur to recover for damages that are incurred later when the homeowner owns the property. Nor would such a rule be good public policy. It would remove the duty of all developers, surveyors, architects, and builders once a home or parcel of real property is sold.

¶ 18 " 'No better general statement can be made, than that the courts will find a duty, where, in general, reasonable men would recognize it and agree that it exists.' " *Ontiveros*, 136 Ariz. at 508, 667 P.2d at 208, *quoting* Prosser, *supra* § 53, at 327. Based on the complaint, this is such a case. Section 33–806(B) and the common law recognize appellees' duty to Republic to avoid physically abusing or destroying lot 260, committing waste, and impairing Republic's security. The trial court erred in finding that no such duty exists.

## STATUTE OF LIMITATIONS

¶ 19 Appellees alternatively argue the September 1996 flooding exposed the latent defect on lot 260, and because Republic did not file its complaint until October 1999, several statutes of limitation bar the action. *See* A.R.S. §§ 12–541(5), 12–542(3),

and 12–821. Although they raised this issue below, the trial court did not address it. Because we may affirm a dismissal on any ground raised below, we will review this issue. *See Smith Plumbing Co. v. Aetna Cas. & Sur. Co.*, 149 Ariz. 545, 551, 720 P.2d 520, 526 (App.1984); *Arizona Civil Rights Div. v. Olson*, 132 Ariz. 20, 28, 643 P.2d 723, 731 (App.1982).

¶ 20 The affirmative defense of a statute of limitations may be raised in a motion to dismiss if it appears on the face of the complaint that the claim is barred. *Anson v. American Motors Corp.*, 155 Ariz. 420, 421, 747 P.2d 581, 582 (App.1987). The plaintiff then must show the statute has not expired. *Id. See also Ross v. Ross*, 96 Ariz. 249, 252, 393 P.2d 933, 935 (1964) (motion to dismiss on statute of limitations ground granted only if complaint conclusively establishes action is time barred); *Engle Bros., Inc. v. Superior Court*, 23 Ariz.App. 406, 408, 533 P.2d 714, 716 (1975) (same).

¶ 21 Appellees rely on §§ 12–541, 12–542, and 12–821 which establish one and two year periods of limitation. But under each of these statutes, the limitation period does not begin until the claim accrues. And, "[u]nder the 'discovery rule,' a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of America*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995), *quoting* 2 Calvin W. Corman, *Limitations of Actions* § 11.1.1 (1991).

¶ 22 Here, the complaint alleged that damage had occurred to lot 260 and Republic's security interest sometime between 1972 and 1996 because the Lynch Group improperly designed and constructed the Placita Aurelia roadway improvements and inaccurately platted the one-hundred-year floodplain and because Pima County accepted the defective design and plat map and inadequately maintained the drainage culverts. Because the action was not filed

---

4. Appellees also improperly cite an unpublished Ninth Circuit Court of Appeals decision that has no precedential authority. We will not consider it and caution counsel against citing such decisions.

until October 1999, it would appear on the face of the complaint that the action was time barred. But the complaint also alleges "[t]he true nature and extent of the flood-proneness of [lot 260] was a latent defect which was not reasonably discoverable by Plaintiff." When considering a ruling granting a motion to dismiss, we accept the allegations of the complaint as true. *Fidelity Sec. Life Ins. Co.* Based on the allegations of the complaint, we cannot determine when Republic knew or should have known it had a cause of action against appellees. We therefore cannot affirm dismissal of the complaint on the alternate statutes of limitations grounds. *Vega v. Morris,* 183 Ariz. 526, 531, 905 P.2d 535, 540 (App.1995) (dismissal reversed because complaint did not disclose when cause of action was or should have been discovered). We do not, however, express any opinion on the ultimate merits of this defense.

## SPECIFIC THEORIES OF RECOVERY

■ ¶ 23 Appellees also argue that Republic failed to state claims for strict liability, trespass, nuisance, inverse condemnation, and waste. The motion to dismiss, however, was based solely on lack of duty and statutes of limitations. Before a Rule 12(b)(6) motion to dismiss is granted, a plaintiff should be given an opportunity to amend the complaint if an amendment could cure the defects. *Wigglesworth v. Mauldin,* 195 Ariz. 432, ¶ 26, 990 P.2d 26, ¶ 26 (App.1999). That cannot occur if we decide issues not raised in the motion. Therefore, we hesitate to decide motions to dismiss on issues not raised and decided in the trial court. "We do not believe it proper for an appellate court to affirm a dismissal on grounds pertaining to the technical sufficiency of the pleadings when such grounds had not been argued in the trial court and the insufficiency may have been cured if the problem had been properly and timely raised." *Drew v. United Producers & Consumers Coop.,* 161 Ariz. 331, 335, 778 P.2d 1227, 1231 (1989); *cf. Rhoads v. Harvey Publications, Inc.,* 131 Ariz. 267, 269, 640 P.2d 198, 200 (App.1981) (court of appeals hesitant to affirm summary judgment based on new issues). Thus, with the exception of the waste count, we believe it more

appropriate to return these matters to the trial court for further consideration.

■ ¶ 24 Because the issue of waste was sufficiently presented to the trial court and Republic had an adequate opportunity to respond and amend the complaint if possible, we will consider the issue. "Waste will lie against a party rightfully in possession of property who has less than the fee simple title thereto." *Jowdy v. Guerin,* 10 Ariz. App. 205, 209, 457 P.2d 745, 749 (1969). Here, the complaint does not allege that either the Lynch Group or Pima County was "rightfully in possession" of lot 260 when they damaged it. *Id.* Republic did not amend the complaint to cure this defect and, on appeal, has conceded that, "[i]f 'waste' is defined as an act which must be done by someone legally in possession of the property, ... the [trial court's] statement that the Complaint does not state a cause of action for 'waste' is correct." The trial court, therefore, properly dismissed Republic's claim for waste.

## ASKRENS' SETTLEMENT

■ ¶ 25 Appellees next argue that, because the Askrens settled their claims against appellees, Republic's claims are barred. Because appellees did not make this argument below, we will not consider it. *Barrio v. San Manuel Div. Hosp.,* 143 Ariz. 101, 104, 692 P.2d 280, 283 (1984). Furthermore, this issue requires the consideration of several facts not contained in the complaint and is, therefore, beyond the scope of a motion to dismiss for failure to state a claim for relief. *Parks v. Macro–Dynamics, Inc.,* 121 Ariz. 517, 519, 591 P.2d 1005, 1007 (App. 1979) ("A Rule 12(b) motion to dismiss for failure to state a claim, which assumes the complaint's allegations are true, attacks the legal sufficiency of the complaint.").

## ATTORNEY'S FEES AND COSTS

¶ 26 Finally, relying on A.R.S. §§ 12–341 and 12–341.01(C) and Rule 21(c), Ariz. R. Civ.App. P., 17B A.R.S., appellees request attorney's fees and costs incurred on appeal. Considering the outcome of this appeal, we deny the request for fees.

## CONCLUSION

¶ 27 We affirm the trial court's order dismissing Republic's claim for waste. We reverse the court's order dismissing Republic's other claims for relief and remand the case for further proceedings.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, and WILLIAM E. DRUKE, Judge.