NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PATRICE EDMOND BROWN, *Plaintiff/Appellant,*

*v.*

GEORGE ZOLEY, et al., *Defendants/Appellees.*

DAVID MARISCAL, *Plaintiff/Appellant,*

v.

GEORGE ZOLEY, *Defendant/Appellee.*

Nos. 1 CA-CV 17-0039
1 CA-CV 17-0130
(Consolidated)
FILED 9-19-2017

Appeal from the Superior Court in Maricopa County
Nos.  CV 2016-091333
CV 2016-092804
The Honorable David K. Udall, Judge

**AFFIRMED**

COUNSEL

Patrice Edmond Brown, Florence
*Plaintiff/Appellant*

David Mariscal, Florence
*Plaintiff/Appellant*

The Herzog Law Firm, Scottsdale
By Michael R. Herzog
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

---

**D O W N I E**, Judge:

**¶1** Patrice Edmond Brown and David Mariscal (collectively, "Appellants") appeal the dismissal of their respective civil complaints. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2** Appellants filed civil complaints against George Zoley, the Geo Group, Inc., Bennie Rollins, and John Gay (collectively, "Appellees"). Appellants' claims arose out of their incarceration with the Arizona Department of Corrections. They alleged that Appellees violated Arizona Revised Statutes ("A.R.S.") section 31-472 by not obtaining their written consent before transferring them to a prison facility in Texas.[1]

**¶3** Appellees filed motions to dismiss, arguing that, even assuming A.R.S. § 31-472 contemplates a private cause of action, Appellants' claims were barred by the statute of limitations. The superior

---

[1]    A.R.S. § 31-472 provides, in pertinent part, that a state agency may not transfer an inmate outside the state unless the inmate "has executed, in the presence of the warden or other head of the institution . . . a written consent to the transfer."

court granted the motions and dismissed Appellants' complaints with prejudice. Appellants timely appealed, and this Court consolidated the two appeals. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A) and -2101(A)(1).

## DISCUSSION

¶4 Brown's complaint — filed on April 4, 2016 — alleged that Appellees "engaged in illegally transporting over 500 inmates, classified as sex-offenders, across state lines into Pecos TX where we were housed . . . until late December of 2006." Mariscal's complaint — filed September 14, 2016 – asserted the same claim.

¶5 A.R.S. § 12-541 requires a claim to be brought within one year after the cause of action accrues "[u]pon a liability created by statute, other than a penalty or forfeiture." A cause of action accrues "when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendants' conduct." *Mayer v. Good Samaritan Hosp.*, 14 Ariz. App. 248, 252 (1971).

¶6 Although Appellants contend they did not learn of A.R.S. § 31-472 until just before filing their civil complaints, they were indisputably aware in 2005 and 2006 of the facts upon which their claims are based. Ignorance of the law does not toll the running of the statute of limitations. *See Kowske v. Life Care Ctrs. of Am., Inc.*, 176 Ariz. 535, 537 (App. 1993) (discovery rule applies to the facts giving rise to the cause of action, "not to the legal significance of such facts."); *see also Republic Nat'l Bank of N.Y. v. Pima County*, 200 Ariz. 199, 204, ¶ 21 (App. 2001) (A cause of action does not accrue under the discovery rule "until the plaintiff knows or, in the exercise of reasonable diligence, should know the *facts underlying the cause*." (emphasis added)).

¶7 Because Appellants' claims accrued in 2006, at the latest, their civil actions filed in 2016 were barred by the statute of limitations and the superior court properly dismissed their complaints with prejudice.

¶8 Brown contends the superior court erroneously refused to consider his "oppositional reply" filed in response to Appellees' motion to dismiss. The superior court did not consider that filing because it concluded there was no evidence it had been filed with the Clerk of Court. But even assuming the court erred, Brown can demonstrate no corresponding prejudice. *See, e.g., Creach v. Angulo*, 186 Ariz. 548, 550 (App. 1996) ("the error must have been prejudicial to the substantial rights

of the party"); Ariz. R. Civ. P. 61 (errors that do not affect a party's substantial rights are not grounds for reversal). Nothing in his "oppositional reply" alters the conclusion that, as a matter of law, his claims were time-barred.

¶9 Mariscal's assertion that the superior court prematurely dismissed his complaint without allowing a response to Appellees' "Supplement to Previously Filed Motion to Dismiss" fares no better. Appellees' supplemental filing simply clarified that the motion to dismiss had been filed pursuant to Ariz. R. Civ. P. 12(b)(6). Mariscal has not established how the additional citation to a Rule of Civil Procedure prejudiced his substantial rights. An "affirmative defense of a statute of limitations may be raised in a motion to dismiss if it appears on the face of the complaint that the claim is barred." *Republic Nat'l Bank of N.Y.*, 200 Ariz. at 204, ¶ 20.

## CONCLUSION

¶10 For the foregoing reasons, we affirm the judgment of the superior court. As the prevailing parties on appeal, Appellees are entitled to recover their taxable costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA