NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CARLOS GALLARDO, et al., *Plaintiffs/Appellants*,

*v.*

WEST SAND LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 18-0010
FILED 11-15-2018

Appeal from the Superior Court in Maricopa County
No.  CV 2015-013189
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, PC, Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

Ortega Law Firm PC, Phoenix
By Daniel R. Ortega, Jr.
*Co-Counsel for Plaintiffs/Appellant*

Jones Skelton & Hochuli PLC, Phoenix
By Jonathan P. Barnes, Jr., J. Gary Linder, Kimberly K. Page
*Counsel for Defendant/Appellee West Sand LLC*

Resnick & Louis PC, Scottsdale
By Kenneth J. Peace, Dane A. Dodd
*Counsel for Defendant/Appellee McFadden's Glendale LLC*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

**¶1**          Carlos and Rosa Gallardo appeal the superior court's statute of limitations-based dismissal of their dram-shop suit against West Sand, LLC ("Sandbar Mexican Grill" or "Sandbar") and McFadden's Glendale, LLC ("McFadden's"). The Gallardos argue that their suit was timely because the discovery rule tolled the statute of limitations, and the issue of their diligence in uncovering the identities of the two defendant restaurants is a question of fact for a jury. We disagree and affirm for the reasons that follow.

## BACKGROUND

**¶2**          On review from an order granting a motion to dismiss, "we accept as true all facts asserted in the complaint." *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 346, ¶ 2 (App. 2007). In the early morning hours of November 24, 2013, Frankie Mendoza drunkenly sped his BMW through a red light at an intersection. His car slammed into a Honda driven by the Gallardos' then-20-year-old son, Jorge. The impact sent the Honda across the intersection and into a metal traffic pole, killing Jorge. Mendoza was arrested and he admitted he had been drinking just before the accident.

**¶3**          On November 23, 2015—one day before the expiration of the two-year limitation period prescribed by Arizona Revised Statutes ("A.R.S.") § 12-542(2) for wrongful-death actions—the Gallardos filed a complaint, not against Mendoza, but only against various John-Doe defendants. In March 2016, the Gallardos moved for and obtained an order extending the time for serving the still-unknown defendants to July 20,

arguing Mendoza had not provided information about where he was drinking and therefore they did not know who else may be responsible for their son's death. On July 19, they moved for and obtained a second order further extending the time for service to September 21, this time arguing that Mendoza had since admitted to drinking at Sandbar Mexican Grill on the night of the accident and that they intended to serve Sandbar with an amended complaint.

¶4        The Gallardos filed their first amended complaint naming Sandbar as a defendant on September 14, alleging its employees had continued to sell alcohol to the obviously drunk Mendoza on the night of the crash. After an August 24 notice of placement on the superior court's dismissal calendar, giving the parties two months to file a joint report and proposed scheduling order, the court dismissed the case on November 30. The Gallardos filed a motion to reinstate in January 2017, which the court granted. On May 10, the Gallardos filed a second amended complaint adding McFadden's as a defendant, again alleging its employees had continued to serve alcohol to the clearly drunken Mendoza.

¶5        McFadden's filed a motion to dismiss pursuant to Rules 12(b)(6) and (b)(7) of the Arizona Rules of Civil Procedure, which Sandbar later joined, arguing in part that the Gallardos had not alleged they were diligent in discovering their dram-shop claims and the claims were time-barred by the statute of limitations. The superior court granted the motion to dismiss, ruling the Gallardos had made no showing that they meaningfully attempted to ascertain the identity of the defendants before the statute of limitations expired in November 2015.

## DISCUSSION

¶6        Pursuant to A.R.S. § 12-542(2), a two-year statute of limitations applies to actions for "injuries done to the person of another when death ensues from such injuries," including dram-shop actions. *See Andrews ex rel. Woodard v. Eddie's Place, Inc.*, 199 Ariz. 240 (App. 2000). The Gallardos argue the superior court erroneously dismissed their suit because the discovery rule tolled the running of the limitation statute long enough for them to identify both of the defendant restaurants, and the issue of their reasonable diligence in discovering the restaurants' identities is a question of fact for a jury. McFadden's and Sandbar, however, contend the

Gallardos' second amended complaint[1] failed to create a factual issue concerning whether the limitation statute had been tolled because it alleged no facts demonstrating their reasonable diligence in discovery. Therefore, the defendant restaurants argue, the Gallardos' suit was time-barred and correctly dismissed by the superior court.

¶7    We review de novo both the superior court's grant of a motion to dismiss, *Romero v. Hasan*, 241 Ariz. 385, 386, ¶ 6 (App. 2017), as well as questions of law regarding statute of limitations defenses, *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 178, ¶ 5 (App. 2008). When deciding a Rule 12(b)(6) motion, "courts look only to the pleading itself and consider the well-pled factual allegations contained therein." *Young v. Rose*, 230 Ariz. 433, 438, ¶ 25 (App. 2012). We will affirm the dismissal "if we are satisfied as a matter of law that plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Chalpin v. Snyder*, 220 Ariz. 413, 418, ¶ 18 (App. 2008) (internal quotation marks omitted).

¶8    "The affirmative defense of a statute of limitations may be raised in a motion to dismiss if it appears on the face of the complaint that the claim is barred." *Republic Nat'l Bank of New York v. Pima Cty.*, 200 Ariz. 199, 204, ¶ 20 (App. 2001). Then, the plaintiff must show the statute has not expired. *Id.*; *see also Engle Bros., Inc. v. Superior Court ex rel. Pima Cty.*, 23 Ariz. App. 406, 408 (App. 1975) ("[W]hen the face of the complaint reflect[s] that the claim [is] barred by the statute of limitations, the burden of proving the statute was tolled devolve[s] upon the respondent real parties in interest.").

¶9    The general purpose of any statute of limitation is to protect both defendants and courts from the litigation of stale claims for which evidence may be lost or witnesses' memories faded; however, "courts disfavor statute of limitations defenses, preferring instead to resolve litigation on the merits when possible." *City of Tucson v. Clear Channel Outdoor*, 218 Ariz. 172, 178, ¶ 5 (App. 2008). "[K]nowledge of the identity of the defendant is a critical element in determining when a cause of action accrues." *Lawhon v. L.B.J. Inst. Supply, Inc.*, 159 Ariz. 179, 181 (App. 1988). Therefore, pursuant to the discovery rule, accrual begins when plaintiffs discover or by the exercise of reasonable diligence should have discovered that they have been "injured by a *particular* defendant's negligent conduct." *Lawhon*, 159 Ariz. at 183. When a cause of action begins to accrue is usually and necessarily a question of fact for a jury. *Doe v. Roe*, 191 Ariz. 313, 323,

---

[1] "Once an amended complaint is filed, . . . it supersedes the original complaint, which becomes *functus officio*, that is, of no further effect or authority." *Francini v. Phx. Newspapers, Inc.*, 188 Ariz. 576, 586 (App. 1996).

¶ 32 (1998). However, "[a] common thread seems to run through all the types of actions where courts have applied the discovery rule. The injury or the act causing the injury, or both, have been difficult for the plaintiff to detect." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of America*, 182 Ariz. 586, 589 (1995). Even when plaintiffs may not be aware of every necessary fact, they are charged with a duty to diligently investigate to discover these facts. *Doe*, 191 Ariz. at 324, ¶ 37.

**¶10** Here, it appeared from the face of the Gallardos' second amended complaint that their dram-shop suit was time-barred: Mendoza drunkenly drove into Jorge's Honda, killing him, on November 24, 2013, but the complaint identifying both Sandbar Mexican Grill and McFadden's as defendants was not filed until May 10, 2017. The intervening three-and-a-half years far surpassed the two-year limitation period following the death of the injured party prescribed by A.R.S. § 12-542(2), yet the complaint asserted no facts demonstrating why it was difficult for the Gallardos to detect the identities of McFadden's and Sandbar or why it took three-and-a-half years to investigate and discover their identities.

**¶11** The second amended complaint alleges that, just after his arrest, Mendoza admitted he had been drinking right before the accident. However, both the second amended complaint and the Gallardos' response to the motion to dismiss are devoid of any averments concerning any significant attempts by the Gallardos to pursue discovery from Mendoza prior to the running of the statute of limitations or describing how they were deceived, thwarted, or denied in their efforts to do so.

**¶12** Nor do the Gallardos allege any facts indicating diligence in their various motions and earlier complaints, which they urge us to consider in addition to the second amended complaint. Specifically, the Gallardos point to their allegation—first raised in their original complaint—that Mendoza provided no information about where he was drinking on the night he killed their son, pursuant to his Fifth Amendment right against self-incrimination, preventing them from discovering the defendant restaurants' identities. The superior court stated in its ruling that it had "reviewed the legal file in this matter" and addressed the Gallardos' argument concerning Mendoza's silence, and we agree with its ruling that the Gallardos made no showing that they meaningfully attempted to ascertain the defendant restaurants' identities. Nowhere have the Gallardos indicated that they did anything other than wait for the drunk driver to break his silence until near the conclusion of his criminal prosecution—a discovery strategy that does not comport with the purpose of the statute of

limitations and that raises no question of fact concerning their diligent investigation.

¶13　　For example, neither the second amended complaint nor any other item in the record contains any averment explaining that the Gallardos made any attempt to uncover the identity of potential dram shops by requesting subpoenas of Mendoza's bank, credit card, cell phone, or vehicle navigation records, or by interviewing any potential witnesses to Mendoza's behavior that night. The Gallardos did not move to further amend their second amended complaint to add any such averments that would create a triable issue of fact regarding their diligence, nor did they refer to any matters outside the pleadings in their response to the motion to dismiss to trigger its conversion to a motion for summary judgment pursuant to Rule 12(d) of the Arizona Rules of Civil Procedure. *See Belen Loan Inv'rs, LLC v. Bradley*, 231 Ariz. 448, 451, ¶ 5 (App. 2012) ("[I]f extraneous matters neither add to nor subtract from the deficiency of the pleading," the motion to dismiss need not be converted into a motion for summary judgment).

¶14　　Because it appeared from the face of the Gallardos' second amended complaint that the two-year statute of limitations had already expired by the time they identified the defendant restaurants, McFadden's and Sandbar properly asserted the affirmative defense of the statute of limitations. "The discovery rule . . . does not permit a party to hide behind its ignorance when reasonable investigation would have alerted it to the claim," *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶ 12 (App. 2010), and the Gallardos alleged no facts from which the court could discern an issue relating to their reasonable diligence in investigating the identity of the defendants. The superior court therefore did not err by finding the Gallardos had "made no showing that they meaningfully attempted to ascertain the identity of [McFadden's and Sandbar] before the statute of limitations expired in 2015," and we affirm the dismissal.[2]

---

[2] Because we affirm the superior court's dismissal based on the failure to state a claim under Rule 12(b)(6), we need not address the parties' arguments concerning the failure to join a party under Rule 12(b)(7). *See Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶ 10 (App. 2014) (we may affirm if a dismissal is correct for any reason).

**CONCLUSION**

**¶15**        For the foregoing reasons, we affirm. We award McFadden's and Sandbar Mexican grill their costs on appeal upon their compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure.



AMY M. WOOD • Clerk of the Court
FILED:  AA