NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DUJHAN BROWN, et al., *Plaintiffs/Appellants*,

*v.*

OLDE FASHIONED, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0763
FILED 09-24-2024

Appeal from the Superior Court in Maricopa County
No. CV2021-011631
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

Miller Kory Rowe LLP, Phoenix
By Jeffrey B. Miller
*Co-Counsel for Plaintiffs/Appellants*

Law Office of Dale Norris, LLC, Phoenix
By Dale F. Norris
*Co-Counsel for Plaintiffs/Appellants*

Schneider & Onofry, PC, Phoenix
By Dee R. Giles, Charles D. Onofry
*Counsel for Defendant/Appellee Olde Fashioned, LLC*

Resnick & Louis, PC, Scottsdale
By Scott Humble, Derek J. Warner
*Counsel for Defendant/Appellee Uncle Shady's, LLC*

---

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

**K I L E Y**, Judge:

**¶1**     Dujhan Brown and Mark Lucas ("Plaintiffs") challenge the superior court's dismissal, on limitations grounds, of their claims against Olde Fashioned, LLC and Uncle Shady's, LLC (the "Bars"). For the following reasons, we hold that the superior court did not abuse its discretion in dismissing Plaintiffs' claims as time-barred.

## FACTS AND PROCEDURAL HISTORY

**¶2**     The operative complaint sets forth the following allegations which, for purposes of this appeal, we accept as true. *See Rogers v. Bd. of Regents of Univ. of Ariz.*, 233 Ariz. 262, 265, ¶ 6 (App. 2013).

**¶3**     Brown and Lucas were officers with the Tempe Police Department who were on duty in the early morning hours of November 4, 2019. They received a call about a Chevrolet Corvette driving the wrong way on State Route 51, and so responded in their respective patrol cars. As they approached the Corvette, it swerved into the path of Lucas's vehicle. The ensuing head-on collision severely injured Lucas. Debris from the collision struck Brown's patrol car; he, too, was injured. The Corvette's driver, later identified as Eldorado Mukaj, was arrested and charged with various offenses, including aggravated assault, felony endangerment, and aggravated driving under the influence ("DUI").

**¶4**     Plaintiffs filed their original Complaint on July 22, 2021, asserting negligence-based claims against Mukaj and his employer Technology Service Professionals, Inc. ("TSP"). Alleging that Mukaj was

2

intoxicated at the time of the accident and "may have been served alcohol in violation of Arizona statutes and common law principles by an unknown person, entity or entities," Plaintiffs also named fictitious persons and entities as defendants, stating that they would "seek leave to amend" their Complaint when they "ascertained" the fictitious defendants' "true names."

¶5        Throughout the subsequent criminal proceedings, Mukaj invoked his constitutional right against self-incrimination and refused to provide information to Plaintiffs about his whereabouts or activities before the collision. Mukaj's criminal defense attorney also told Plaintiffs' counsel that, in any event, Mukaj had no memory of the events leading up to the collision.

¶6        Mukaj entered a plea agreement and was sentenced on October 3, 2022. About four months later, on February 1, 2023, he disclosed to Plaintiffs his November 2019 credit card statement, which reflected that he made purchases at both of the Bars the night of the collision.

¶7        Plaintiffs filed the First Amended Complaint ("FAC") on March 28, 2023, asserting negligence and dram shop claims against the Bars.[1] The FAC alleged that the collision occurred on November 4, 2019, and included no allegations to suggest that the cause of action accrued at a later date or that the limitations period was tolled.

¶8        The Bars moved to dismiss the FAC, arguing that Plaintiffs' claims were time-barred because they were filed more than two years after the collision and "[t]he FAC does not contain allegations which could justify tolling of any statute of limitations period." In response, Plaintiffs asserted that their claims were "timely filed" because the Plaintiffs neither knew nor reasonably should have known "the identity of [the Bars] until February 1, 2023." While they knew all along that "liquor liability" may have been "a factor in the collision," Plaintiffs explained, they did not know "whether liquor was provided at a commercial establishment, or the identity of any such liquor providers," until Mukaj "disclosed his credit card statement" on February 1, 2023. Until then, they asserted, they had no means of obtaining discovery from Mukaj because he "had consistently asserted his Fifth Amendment privilege against self-incrimination."

---

[1] Plaintiffs stipulated to dismiss their claims against TSP in February 2023, and stipulated to dismiss their claims against Mukaj in April 2023.

Plaintiffs provided no affidavit, exhibits, or other evidentiary support for their assertions.

¶9            The superior court granted the Bars' motions to dismiss, holding that Plaintiffs' injuries "occurred in late 2019" and the FAC "contain[s] no allegations of any significant attempts by Plaintiffs" to discover the Bars' identities "prior to expiration of the statute of limitations." Acknowledging that "the statute of limitations may be tolled where a plaintiff presents evidence a defendant concealed facts that prevented [the] plaintiff from timely filing the claim," the court found that the tolling doctrine was not "applicable here."

¶10          Plaintiffs then moved for reconsideration, again asserting that their efforts to determine whether Mukaj had patronized a bar in the hours before the collision were stymied by Mukaj's assertion of his right against self-incrimination during the pendency of the criminal proceedings.[2] Plaintiffs attached various documents to their motion for reconsideration, including copies of documents apparently obtained from the superior court's website and emails purportedly exchanged between their attorney and Mukaj's counsel. Plaintiffs did not indicate, however, when they obtained those documents, nor did they explain why they did not submit those documents to the court with their response to the Bars' motions to dismiss.

¶11          In response, the Bars pointed out that Plaintiffs raised "new matters" for "the first time in [their] motion for reconsideration," and argued that Plaintiffs' new arguments are "waived."

¶12          After briefing, the superior court denied Plaintiffs' motion for reconsideration, agreeing with the Bars that "Plaintiffs could have and should have included the information in their response to the motion[s] to dismiss and failed to do so." Stating that it would "address many of the arguments" Plaintiffs raised in their motion for reconsideration "in order to have a clear record," the court rejected Plaintiffs' contention that the discovery rule should apply to toll the running of the limitations period because they purportedly "had no reasonable means" of learning the Bars' identities until the criminal proceedings against Mukaj concluded. By Plaintiffs' own admission, the court stated, they took no action to try to

_____

[2] According to Plaintiffs, Mukaj was sentenced on October 3, 2022, but continued to assert his right against self-incrimination for an additional ninety days until the deadline had passed for seeking post-conviction relief under Ariz. R. Crim. P. 33.4(b)(3)(A).

ascertain the Bars' identities and, instead, "simply waited for Mukaj to cooperate with discovery when Mukaj was willing to do so."

¶13        The superior court entered final judgment and Plaintiffs timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### A. The Claims in the FAC Do Not Relate Back to the Filing of the Original Complaint

¶14        Plaintiffs challenge the court's dismissal of their FAC as time-barred. Noting that their original Complaint alleged that, in the hours before the collision, unknown persons or entities "may have . . . served alcohol" to Mukaj "in violation of Arizona statutes and common law principles," Plaintiffs argue that the FAC's claims against the Bars relate back to the date of filing of the original Complaint.

¶15        Common law claims for "injuries done to the person of another" must be brought within two years. A.R.S. § 12-542(1). While a claim based upon liability created by statute generally must be filed within one year, A.R.S. § 12-541(5), a two-year limitations period applies to dram shop claims under A.R.S. § 4-311. *See Andrews ex rel. Woodard v. Eddie's Place, Inc.*, 199 Ariz. 240, 242, ¶ 8 (App. 2000).

¶16        An appellate court reviews *de novo* an order granting a motion to dismiss, *Romero v. Hasan*, 241 Ariz. 385, 386, ¶ 6 (App. 2017), as well as "questions of law regarding statute of limitations defenses," *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 178, ¶ 5 (App. 2008). "Further, we will affirm [an] order dismissing a complaint if it is correct for any reason." *Fappani v. Bratton*, 243 Ariz. 306, 309, ¶ 8 (App. 2017); *see also Ariz. Republican Party v. Richer*, 257 Ariz. 210, __, 547 P.3d 356, 363, ¶ 17 (2024) (stating that "an appellate court may affirm the superior court's ruling if it is correct for any reason apparent in the record") (citation omitted).

¶17        Arizona Rule of Civil Procedure ("Rule") 10 provides in part that

> [i]f the name of the defendant is unknown to the plaintiff, the defendant may be designated in the pleadings or proceeding by any name. If the defendant's true name is discovered, the pleading or proceeding should be amended accordingly.

Ariz. R. Civ. P. 10(d).

**¶18** Noting that the original Complaint named fictitious defendants due to "the possible existence of one or more pre-collision liquor-purveying commercial entities," Plaintiffs argue that once they discovered the Bars' identities, Rule 10(d) gave them "the right to amend the Complaint and proceed with litigation" against the Bars.

**¶19** But an amendment to a complaint adding a defendant relates back to the date of the filing of the complaint only if "*the party to be brought in by amendment . . .* knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Ariz. R. Civ. P. 15(c)(2)(B)(ii) (emphasis added); *see also Flynn v. Campbell*, 243 Ariz. 76, 81, ¶ 16 (2017) (holding that an amendment to complaint adding a new defendant relates back to the date of filing of the original complaint if "*the defendant . . .* knew or should have known that, absent some mistake, the action would have been brought against him or her") (emphasis added). In *Flynn*, the plaintiff, who was injured in a motor vehicle accident allegedly caused by Campbell, filed suit against Campbell's insurer, State Farm, instead of Campbell herself. *Id.* at 79, ¶¶ 2-3. After the statute of limitations had run, the plaintiff filed an amended complaint naming Campbell as the defendant. *Id.* at ¶ 4. The court granted Campbell's motion to dismiss the claim as time-barred, holding that the plaintiff's amended complaint did not relate back to the date of filing of the original complaint. *Id.* at ¶ 5. On appeal, the Arizona Supreme Court reversed, holding that Campbell "knew or should have known" that the plaintiff sued Campbell's insurer instead of Campbell herself as a result of the plaintiff's "mistake concerning the proper party's identity." *Id.* at 83, ¶ 20. The plaintiff "obviously misunderstood the legal significance of State Farm's role," the Court held, and "Campbell was, or should have been, aware that," but for the plaintiff's mistake, the plaintiff "would have sued" Campbell "in the original complaint." *Id.* at ¶ 23; *accord Levinson v. Jarrett ex rel. Cnty. of Maricopa*, 207 Ariz. 472, 473, ¶ 1 (App. 2004) (stating that "[t]he element of mistake is required" for "an amended complaint that adds a defendant" to "relate back to the date of the original complaint").

**¶20** Here, Plaintiffs do not contend that they failed to name the Bars as defendants in their original Complaint as a result of a mistake about the Bars' role in the litigation or in the underlying events. Moreover, Plaintiffs do not contend that the Bars had any knowledge of this litigation or the underlying events at any time before the limitations period expired. *See Pargman v. Vickers*, 208 Ariz. 573, 578, ¶¶ 23-25 (App. 2004) (holding that for an amendment to relate back to the original complaint, "the plaintiff must show," *inter alia*, "that the to-be-named defendant knew or should have known that the plaintiff would have sued it but for a mistake"). In the

absence of any indication in the record that the Bars knew or should have known, within the limitations period, that they would have been named as defendants in the original Complaint, the FAC does not relate back to the filing of the original Complaint. *See Flynn*, 243 Ariz. at 81, ¶ 11 ("[F]or an amended complaint to relate back under Rule 15(c), . . . the party to be joined by amendment" must have actual or constructive notice that "but for a mistake concerning the identity of the proper party, plaintiff would have named the proper party in the original complaint.").

**¶21** In support of their position that the FAC relates back to the date of filing of the original Complaint, Plaintiffs rely on *General Motors Corp. v. Superior Court*, 55 Cal. Rptr. 2d 871 (Ct. App. 1996), in which the California Court of Appeals held that

> when a complaint sets forth a cause of action against a defendant designated by a fictitious name because the plaintiff is genuinely ignorant of his name or identity, and his true name thereafter is discovered and substituted by amendment, he is considered a party to the action from its commencement so that the statute of limitations stops running as of the date the original complaint was filed.

*Id.* at 877. We find Plaintiffs' argument unpersuasive, for two reasons.

**¶22** First, Plaintiffs waived this argument by raising it for the first time on appeal. *See Roebuck v. Mayo Clinic*, 256 Ariz. 161, __, 53 P.3d 289, 294 ¶ 16 (App. 2023) ("Legal theories must be presented timely to the trial court so that the court may have an opportunity to address all issues on their merits. If the argument is not raised below so as to allow the trial court such an opportunity, it is waived on appeal.") (cleaned up).

**¶23** Second, the holding of *General Motors* was based on California's "fictitious name" statute, Cal. Code Civ. Proc. § 474 ("Section 474"), which is materially different from Arizona's rule governing the relation back of pleading amendments. Under Section 474, a pleading amendment substituting a defendant in place of a fictitious defendant will relate back to the date of the original filing as long as the plaintiff lacked knowledge of the defendant's identity at the time of the original filing. *Camarillo v. Vaage*, 130 Cal. Rptr. 2d 26, 38 (Cal. App. 2003) ("The policy of section 474 seeks to protect those plaintiffs who are truly ignorant of the identity of a person brought into the case as a Doe defendant. If that requirement is met, the amendment to the complaint relates back to the date the complaint was filed and the statute of limitations is preserved.").

Section 474 thus permits "[a] plaintiff to commence suit in time to avoid the bar of the statute of limitations where he is ignorant of the identity of the defendant." *Barnes v. Wilson*, 114 Cal. Rptr. 839, 842 (Cal. App. 1974).

**¶24** Section 474's applicability depends on the plaintiff's knowledge, *i.e.*, whether the plaintiff is ignorant of the defendant's true identity when the complaint was filed. *See Motor City Sales v. Superior Court*, 107 Cal. Rptr. 280, 282 (Cal. App. 1973) (recognizing that applicability of Section 474 depends on "the plaintiff's actual good faith ignorance of the defendant's true name"). Arizona has no statute or rule comparable to Section 474. On the contrary, the relation-back analysis under Arizona's Rule 15(c)(2)(B)(ii) focuses on the knowledge of "the *defendant* rather than the *plaintiff*," *i.e.*, "whether the defendant . . . knew or should have known" that he would have been sued "absent some mistake" by the plaintiff. *Flynn*, 243 Ariz. at 81, ¶ 16 (emphasis added). Because the holding of *General Motors* was based on a California statute that is materially different from Arizona's rule governing the relation back of pleading amendments, we find *General Motors* inapposite. Accordingly, we reject, as contrary to Arizona law, Plaintiffs' argument that the FAC's claims relate back to the date of filing of the original Complaint.

## B. Plaintiffs Failed to Establish that the Discovery Rule Tolled the Running of the Applicable Limitations Statutes.

**¶25** Plaintiffs also argue that the superior court abused its discretion by dismissing their FAC on limitations grounds, asserting that "the application of the discovery rule involved questions of material fact that only the jury could resolve."

**¶26** "Generally, a cause of action accrues, and the statute of limitations commences, when one party is able to sue another." *Satamian v. Great Divide Ins. Co.*, 257 Ariz. 136, __, 545 P.3d 918, 924, ¶ 11 (2024) (citation omitted). Under the "discovery rule," however, a limitations statute "does not begin to run until the plaintiff possesses a minimum knowledge sufficient to recognize that a wrong occurred and caused injury." *Ritchie v. Krasner*, 221 Ariz. 288, 304, ¶ 57 (App. 2009) (citations omitted). Under the discovery rule, in other words, the limitations period "begins to run not from the moment of the defendant's injurious conduct, but when [the] claimant knows or should know she has been injured and when she likewise knows or with reasonable diligence should know the facts underlying the cause." *Wyckoff v. Mogollon Health All.*, 232 Ariz. 588, 591, ¶ 9 (App. 2013) (citation omitted). The discovery rule may toll the limitations statute, for example, when a plaintiff neither knows nor could, through the

exercise of reasonable diligence, discover the tortfeasor's identity. *See Lawhon v. L.B.J. Institutional Supply, Inc.*, 159 Ariz. 179, 183 (App. 1988) ("[A] cause of action 'accrues' when the plaintiff discovers or by the exercise of reasonable diligence should have discovered that he or she has been injured by a *particular* defendant's negligent conduct.") (emphasis in original).

¶27　　　A defendant may properly move to dismiss on limitations grounds under Rule 12(b)(6) if the complaint, on its face, shows that the claim is time-barred. *Republic Nat'l Bank of N.Y. v. Pima Cnty*, 200 Ariz. 199, 204, ¶ 20 (App. 2001); *cf. Vega v. Morris*, 183 Ariz. 526, 531 (App. 1995) (reversing dismissal of complaint on limitations grounds because "there is nothing on the face of the complaint that indicates" when cause of action accrued). Here, the FAC alleged that Plaintiffs were injured in a motor vehicle collision on November 4, 2019. The FAC was filed more than three years after the collision, and nothing in the FAC explained the delay between the accident and the assertion of claims against the Bars. The FAC contained no allegations of any difficulty in determining the Bars' identities, nor did the FAC indicate that Plaintiffs made any efforts, much less diligent efforts, to discover their identities sooner. It therefore appeared, from the face of the FAC, that Plaintiffs' claims against the Bars were time-barred.

¶28　　　"If it appears on the face of the complaint that an action may be barred by limitations, the burden is on the plaintiff to establish that the statute has been tolled." *Satamian*, 545 P.3d at 925, ¶ 11; *see Republic Nat'l Bank*, 200 Ariz. at 204, ¶ 20 ("[I]f it appears on the face of the complaint that the claim is barred[,] . . . [t]he plaintiff then must show the statute has not expired."). A plaintiff responding to a motion to dismiss on limitations grounds may meet its burden of showing that the limitations period is tolled by identifying allegations in the complaint which may justify application of the tolling doctrine. *See Verduzco v. Am. Valet*, 240 Ariz. 221, 225, ¶ 9 (App. 2016) (holding that complaint will survive motion to dismiss if plaintiff could be "entitle[d] . . . to relief on some theory of law susceptible of proof *under the allegations made*") (emphasis added); *see also Elm Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶¶ 10, 13 (App. 2010) (affirming Rule 12(b)(6) dismissal of tort claims against seller who allegedly misrepresented square footage of house's living space because complaint was filed "nearly four years after" the sale, "well beyond the applicable limitations periods," and the complaint did "not allege facts" sufficient "to satisfy the discovery rule").

¶29　　　Alternatively, a plaintiff seeking to establish that the limitation period is tolled may present evidence of matters outside the

pleadings. *See McCloud v. State, Dep't of Public Safety*, 217 Ariz. 82, 87, ¶ 13 (App. 2007) (holding that to justify applying equitable tolling of limitation period, the "petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments") (citation omitted); *see also Ploof v. State*, 1 CA-CV 22-0486, 2023 WL 2663348 at *5, ¶ 33 (Ariz. App. Mar. 28, 2023) (mem. decision) (noting that a plaintiff responding "to a Rule 12(b)(6) motion" may "rest on the allegations in the complaint" or may "respond . . . with affidavits or other evidence outside the pleadings").

**¶30** Here, Plaintiffs did neither. In their response to the Bars' motions to dismiss, Plaintiffs identified no allegations in the FAC that could justify applying the tolling doctrine. Nor did they submit affidavits or other exhibits outside the pleadings to show that the limitations period was tolled. Instead, Plaintiffs' response to the motions to dismiss consisted simply of counsel's assertions, unsupported by evidence, about Plaintiffs' purported inability to determine the Bars' identities. Because assertions of counsel that are both outside the pleadings and unsupported by evidence are insufficient to establish a basis for tolling a limitations period, the court properly looked solely to the allegations in the FAC in resolving the Bars' motions to dismiss. *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008) ("Arizona courts look only to the pleading itself" when "adjudicating a Rule 12(b)(6) motion to dismiss."); *cf. Date Street Capital, LLC v. Clearcover Ins. Co.*, 256 Ariz. 376, __, 540 P.3d 921, 925, ¶ 12 (App. 2023) (reversing dismissal of complaint because "the superior court improperly relied on factual assertions not contained in the complaint"). Because the allegations in the FAC show that the accident occurred over three years before the FAC was filed, and nothing in the FAC suggested a basis for tolling the two-year limitations period, the court properly dismissed Plaintiffs' claims against the Bars as time-barred. *See Gallardo v. West Sand LLC*, 1 CA-CV 18-0010, 2018 WL 5990375 at *3, ¶ 14 (Ariz. App. Nov. 15, 2018) (mem. decision) (affirming dismissal of dram shop action because "it appeared from the face of" the operative complaint "that the two-year statute of limitations had already expired" when complaint was filed and plaintiffs "alleged no facts from which the court could discern an issue relating to their reasonable diligence in investigating the identity of the defendants").

**¶31** Noting that, after the court dismissed the FAC, the Plaintiffs "filed a motion for reconsideration" to which they attached "18 exhibits," Plaintiffs assert that their exhibits established an issue of fact about "whether what Plaintiffs did was enough to satisfy the discovery rule." In support of their position, Plaintiffs cite Rule 12(d), which provides in part

that "[i]f, on a motion under Rule 12(b)(6) or (c), matters outside the pleadings are presented to, and not excluded by, the court, the motion must be treated as one for summary judgment under Rule 56." Ariz. R. Civ. P. 12(d). According to Plaintiffs, their motion for reconsideration "acted to convert the motions to dismiss into motions for summary judgment" and the court's denial of their motion for reconsideration "improperly took the fact-intensive accrual-date determination from the jury."

¶32        Plaintiffs contend, in effect, that their filing of a motion for reconsideration with exhibits attached had the effect of (1) vacating the court's order granting the motions to dismiss and (2) requiring the court to consider the motions all over again, this time under Rule 56 rather than Rule 12(b)(6). Nothing in Rule 12(d) supports Plaintiffs' contention that their belated submission of exhibits along with a motion seeking reconsideration of a dismissal order automatically vacated the dismissal order and retroactively transformed the Bars' motions to dismiss into motions for summary judgment. We reject, as unsupported by Arizona law, Plaintiffs' novel position that a party dissatisfied by a court's ruling on a motion can secure a "do-over" simply by filing a motion for reconsideration with exhibits attached.

¶33        Further, case law is clear that a court need not consider evidence presented for the first time in connection with a motion for reconsideration, at least when, as here, the newly-submitted evidence could have been presented earlier. *See Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 17 (App. 2009) ("The superior court was not required to accept and examine evidence presented to it for the first time in connection with [plaintiff's] motion for reconsideration."); *see also RT Automotive Ctr., Inc. v. Westlake Services, LLC*, 253 Ariz. 91, 95, ¶ 12 (App. 2022) ("We typically do not consider matters raised for the first time in a motion for reconsideration unless the facts or arguments presented were not available when the court entered the challenged ruling."). Plaintiffs have at no time offered any explanation for submitting the exhibits for the first time with their motion for reconsideration. They do not contend, for example, that the documents were unavailable when they filed their response to the Bars' motions to dismiss. In the absence of any explanation for their failure to submit the exhibits when they responded to the Bars' motions to dismiss, Plaintiffs waived any claim for relief based on the new exhibits. *See Evans Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, 240, ¶ 15 (App. 2006) (observing that "[g]enerally, we do not consider arguments on appeal that were raised for the first time at the trial court in a motion for reconsideration").

**¶34** Plaintiffs argue that even if the court was not *required* to treat the Bars' motions to dismiss as motions for summary judgment, the court did, in fact, do so by discussing Plaintiffs' newly-filed exhibits in its ruling denying Plaintiffs' motion for reconsideration.

**¶35** We disagree. A court cannot properly treat a motion to dismiss as one for summary judgment without notifying the parties of its intent and giving them "a reasonable opportunity to present" additional evidence "pertinent to the motion." Ariz. R. Civ. P. 12(d); *see also Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508 (App. 1987) (explaining that courts cannot consider matters outside the pleadings in resolving motion to dismiss without giving parties "some indication . . . that it is treating the Rule 12(b)(6) motion as one for summary judgment"). Here, the court never gave notice of an intent to treat the Bars' motions to dismiss as motions for summary judgment.

**¶36** Moreover, the submission of matters outside the pleadings will trigger the conversion of a Rule 12(b)(6) motion to dismiss to one for summary judgment only if the court relies on the extra-pleading matters in ruling on the motion. *See Date Street Capital*, 540 P.3d at 925, ¶ 9 (App. 2023) (noting that Rule 12(d)'s conversion provision "is inapplicable when a court does not rely on the extra-pleading material in its ruling"). Here, Plaintiffs' exhibits obviously had no bearing on the court's ruling on the Bars' motions to dismiss, since the court granted the motions before Plaintiffs submitted the exhibits. *See Belen Loan Investors, LLC v. Bradley*, 231 Ariz. 448, 452, ¶ 7 (App. 2012) (holding that "extrinsic documents" did not convert defendants' Rule 12(b)(6) motion to one for summary judgment because "the court did not rely on the extrinsic documents in ruling on [the] motion, instead basing its dismissal on the allegations of the complaint and the legal arguments of the parties"). After Plaintiffs submitted their exhibits, the court did not set aside its dismissal order or otherwise indicate that it would re-open the motions to dismiss. Instead, the court simply stated that it reviewed the exhibits and found nothing in them to warrant reconsidering its prior dismissal order. The exhibits thus had no bearing on the dismissal of this case, and so cannot be said to have triggered Rule 12(d)'s "conversion" provision. *See Brosie v. Stockton*, 105 Ariz. 574, 576 (1970) (affirming dismissal and holding that court properly treated motion as a Rule 12(b)(6) dismissal, and not motion for summary judgment, because "the material extraneous to the pleadings" was "unnecessary to the final outcome").

**¶37** Because Plaintiffs did not support their response to the Bars' motions to dismiss with extra-pleading material, the superior court

properly looked only to the allegations in the FAC to resolve the motions to dismiss. Because the FAC established that the collision occurred well outside the applicable limitations period, and the FAC contained no allegations that would support applying the discovery rule or tolling the limitations statute, the court properly granted the motions to dismiss. And the court did not abuse its discretion by refusing to set aside its dismissal order and reconsider the motions to dismiss after Plaintiffs belatedly came forward with exhibits that could have been submitted before the court granted the motions to dismiss.

**CONCLUSION**

¶38        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM